TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MARK DAVID MCPHERSON (CA SBN 307951)
MMcPherson@mofo.com
MELODY E. WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JOCELYN E. GREER (*pro hac vice*)
JGreer@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Defendant*
*APPLE INC.*

Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
MILSTEIN JACKSON FAIRCHILD & WADE, LLP
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

LAUREN HUGHES and JANE DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

Case No. 3:22-cv-07668-VC

**JOINT CASE MANAGEMENT STATEMENT**

Date: April 7, 2023
Time: 10:00 a.m.
Judge: Hon. Vince Chhabria

Complaint Filed: December 5, 2022

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, this District's Standing Order regarding Contents of Joint Case Management Statement, this Court's Civil Standing Order, and this Court's March 6, 2023 Order (ECF No. 32), Plaintiffs Lauren Hughes and Jane Doe ("Plaintiffs") and Defendant Apple Inc. ("Apple") (collectively, the "Parties") hereby submit the following Joint Case Management Conference Statement.

**1. Jurisdiction and Service**

Plaintiffs allege in the Complaint that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA").

The Parties are unaware of any unresolved issues regarding personal jurisdiction or venue.

The Parties are unaware of any additional entities that remain to be served.

**2. Facts**

Plaintiffs allege that third parties used the AirTag—a quarter-sized device developed for the purpose of transmitting its location—to stalk them. Plaintiffs seek to hold Apple, which manufactures and sells AirTags, liable for the following claims: (I) negligence; (II) strict liability – design defect (consumer expectation test); (III) strict liability-design defect (risk-benefit test); (IV) unjust enrichment; (V) intrusion upon seclusion; (VI) violations of California's Constitutional Right to Privacy; (VII) violations of CIPA, Cal. Pen. C. §§ 630, *et seq*.; (VIII) negligence *per se*; (IX) violations of California's Unfair Competition Law (unlawful prong); (X) violations of California's Unfair Competition Law (unfair prong); (XI) violations of California's Unfair Competition Law (fraudulent prong); (XII) violations of N.Y. Business Law § 349. Apple denies liability for these claims.

The factual issues in dispute include, among other things, (1) whether Apple intentionally intruded upon Plaintiffs' privacy interests; (2) whether Apple used an electronic tracking device to determine Plaintiffs' locations or movements; (3) whether Apple made alleged misrepresentations; (4) whether Plaintiffs relied on any alleged misrepresentations; and (5) whether there were feasible alternative designs for AirTags.

**3. Legal Issues**

The legal issues will include, among others: (1) whether the challenged conduct is violative of any of the causes of action alleged in the Complaint; (2) whether the proposed action can be maintained as a class action; and (3) whether Plaintiffs are entitled to any injunctive relief, declaratory relief, additional equitable relief, and/or damages from Apple.

**4. Motions**

The Parties have agreed to seek an alternative means of resolving the dispute without the need to consume scarce judicial resources. The Parties have scheduled a mediation session for April 27, 2023. The Parties respectfully request a stay of this action pending the outcome of the Parties' efforts to resolve the dispute through alternative means.

**Motion to Dismiss:** If the action is not stayed, Apple intends to move to dismiss the Complaint, and Plaintiffs intend to oppose such motion.

**Class Certification:** Plaintiffs anticipate moving for class certification consistent with the schedule below. Apple plans to oppose Plaintiffs' motion for class certification.

**Other Dispositive and Miscellaneous Motions:** Each party reserves its rights to file other dispositive motions, including for full or partial summary judgment. The Parties may also file discovery-related motions, if necessary.

**5. Amendment of Pleadings**

Plaintiffs reserve the right to amend their Complaint to resolve factual issues identified in a Motion to Dismiss and/or to include additional named representatives and state law claims. Based on the Court's standing order, the deadline for amended pleadings should be sixty (60) days following the Case Management Conference.

**6. Evidence Preservation**

The Parties have discussed the preservation of discoverable information. No Party has identified any issues regarding their ability to fulfill their preservation obligations. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will meet and confer regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. <u>Disclosures</u>**

If the action is not stayed, the Parties will exchange initial disclosures within 21 days after the pleadings are settled.

**8. <u>Discovery</u>**

**A. Identified Discovery Disputes**

At present no discovery has been propounded and the Parties are not aware of any discovery disputes at this time.

**B. Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

**i. <u>Timing of Discovery</u>**

The Parties both believe that a stay of this action pending the outcome of the Parties' efforts to resolve the dispute through alternative means would serve the interests of efficiency and judicial economy. The Parties thus propose to stay formal discovery pending completion of the efforts to resolve the dispute through alternative means, or if the case is not stayed, after the pleadings are settled in this case.

**ii. <u>Written Discovery and Objections</u>**

The Parties agree to ten (10) fact depositions, with the caveat that Apple will be entitled to additional fact depositions in the event that additional plaintiffs are added to the operative Complaint.

The Parties reserve the right to take additional depositions, or serve additional interrogatories above the number permitted under the Federal Rules, by stipulation or by motion if additional depositions or interrogatories are necessary and proportionate.

**iii. <u>Service of Discovery</u>**

The Parties agree to accept service of discovery and discovery responses by email and that such service will constitute service by mail.

**iv. <u>Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a)</u>**

If the action is not stayed, the Parties will exchange initial disclosures within 21 days of after the pleadings are settled.

**v. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The Parties agree not to serve discovery requests pending the resolution of the motion to dismiss. If any claims survive the motion to dismiss, the Parties will meet and confer regarding a discovery schedule and whether discovery should be conducted in phases. The Parties anticipate that they will seek discovery regarding the subjects listed below.

**Plaintiffs' Position:** Plaintiffs anticipate seeking discovery regarding, among other topics, the following:

(1) all labeling, advertisement, and marketing of the Air Tag, including but not limited to public-facing representations regarding the safety of the product;

(2) all information concerning the design, development, implementation, updating, maintenance and/or testing of safety features associated with the AirTag, including but not limited to (a) device-based text notifications, (b) sound alerts, (c) the Tracker Detect app, and (d) efforts to coordinate with law enforcement;

(3) sales data for the AirTag, including the total number of units sold and total amount of money generated from the sales of the AirTag;

(4) all internal documents related to the use of AirTags to stalk, harass, or otherwise track individuals without their consent;

(5) all communications with third parties—including but not limited to individuals, law enforcement, advocacy groups, and governmental entities— concerning the use of AirTags to stalk, harass, or otherwise track individuals without their consent;

(6) any applicable insurance documents; and

(7) any affirmative defenses Defendant may raise.

**Defendant's Position:** Apple anticipates that discovery will include the circumstances of Plaintiffs' alleged experiences with AirTags; Plaintiffs' alleged knowledge of and reliance on any of the misrepresentations or omissions alleged in the Complaint; whether Plaintiffs' claims are typical of the claims of other members of any putative classes; whether common questions of fact

or law predominate over individual inquiries; and whether Plaintiffs can demonstrate individual and class-wide damages.

     **vi. Rule 26(f)(3)(C): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

 At the appropriate time, the Parties have agreed to meet and confer on protocols for production of ESI, and shall submit a proposed protective order (discussed *infra*).

     **vii. Rule 26(f)(3)(D): Any issues relating to claims of privilege or of protection as to trial-preparation material, including — if the parties agree on a procedure to assert such claims after production — whether to ask the court to include their agreement in an order.**

 At this time, the Parties have not identified any issues relating to claims of privilege or protection as to trial preparation material. The parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log. The Parties propose that any inadvertent disclosure of privileged material will be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of the protective order to be agreed upon by the Parties in this action.

 **Logs of Privileged Documents:** The Parties anticipate that during discovery, certain documents will need to be withheld based on the attorney-client or work product doctrine. To reduce costs and in accordance with Federal Rule of Civil Procedure 26(b)(5), the Parties propose that the withholding party may describe any withheld documents by categories where voluminous documents are claimed to be privileged or protected and providing a document-by-document privilege log would be unduly burdensome. The Parties further agree that they shall not be required to log (1) communications between the Parties and their outside counsel after the date of the initial complaint in this matter (December 5, 2022); (2) internal communications among counsel after December 5, 2022; and (3) any documents that have been produced in redacted form.

**viii. Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

The Parties do not currently propose any changes to the limitations on discovery or discovery schedule provided by the Court, the Federal Rules of Civil Procedure or Local Rules.

**ix. Rule 26(f)(3)(F): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The Parties will meet and confer to negotiate a protective order. Other than a protective order, the Parties do not currently request any additional orders under Rule 26(c) or Rule 16(b)-(c).

**9. <u>Class Actions</u>**

**Plaintiffs' Position:** This action is being brought and is maintainable as a class action under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4) on behalf of the proposed Classes and Subclasses identified in Plaintiffs' Complaint. *See*, ECF No. 1 at ¶ 85.

**Defendant's Position:** Apple disputes Plaintiffs' contention that the action is properly maintainable as a class action. The proposed classes cannot be certified because, among other reasons, Plaintiffs cannot establish class-wide damages, and individual issues will predominate.

**10. <u>Related Cases</u>**

The Parties are aware of *Taylor v. Shenberg, et al.*, No. 2211-CC00025 in the Eleventh Judicial Circuit, State of Missouri Circuit Judge Division. The Parties are not currently aware of any other related cases.

**11. <u>Relief</u>**

**Plaintiffs' Statement:** Plaintiffs seek injunctive relief, declaratory relief, damages and/or restitution, and reasonable attorneys' fees, costs, and expenses.

**Defendant's Statement:** Plaintiffs are not entitled to any of the relief requested from Apple.

**12. <u>Settlement and ADR</u>**

**Parties' Joint Statement:** The Parties have agreed to private mediation and scheduled a

mediation session on April 27, 2023.

**Plaintiffs' Additional Statement:** Plaintiffs' primary concern in this litigation is to obtain injunctive relief that remedies the immediate and ongoing risks to safety caused by the AirTag as it currently operates. But finding solutions involves working with complex technology not only of the AirTag product but also other Apple products and IP, and even with technology of non-parties. *See*, Complaint at ¶¶ 41-61. Because of these issues of scope, and in light of unique nature of the relief sought, Plaintiffs sought to begin an early mediation process so that Plaintiffs may evaluate how the safety needs of the Class may best be protected in light of Apple's existing technology, identify all stakeholders within Apple's organization who would need to participate in the development and implementation of changes, and accordingly identify areas of alignment and find achievable solutions in as expeditious a manner as possible.

Because any resolution is unlikely to be reached in a single mediation, the Parties have sought a stay of six (6) months, in order to invest all of their time and resources into their attempts to resolve this matter.

**13. Other References**

The Parties agree there is no need for a reference to a special master or Judicial Panel on Multidistrict Litigation.

**14. Narrowing of the Issues**

At this stage, the Parties have not identified potential ways to expedite the presentation of evidence at trial or otherwise narrow the litigation by agreement. The Parties will meet and confer about potential ways to narrow the litigation at an appropriate time.

**15. Expedited Trial Procedure**

The Parties agree that this case is not appropriate to be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. Scheduling**

The Parties filed a stipulation to stay the case pending the outcome of the Parties' efforts to resolve the dispute through alternative means (ECF No. 34), which the Court denied on March 29, 2023 (ECF No. 37). The Parties thus respectfully request a shorter stay until after the April

27, 2023 mediation and propose that the Parties submit a joint status update on May 5, 2023 and that, if necessary, the Court hold a status conference on May 12, 2023.

In the alternative, the Parties propose the following case schedule:

| DEADLINE | PROPOSAL |
|---|---|
| Apple's deadline to file a motion to dismiss | 60 days from the mediation scheduled on April 27, 2023 |
| Plaintiffs' deadline to file an opposition to Apple's motion to dismiss | 90 days from the mediation scheduled on April 27, 2023 |
| Last day to amend the pleadings | 90 days from the mediation scheduled on April 27, 2023 |
| Apple's deadline to file a reply in support of its motion to dismiss | 105 days from the mediation scheduled on April 27, 2023 |
| Hearing on the motion to dismiss | The earliest Thursday the Court is available following Apple's filing of its reply in support of its motion to dismiss at 2:00 p.m. |
| Deadline for class certification discovery | 180 days after the pleadings are settled |
| Plaintiffs' deadline to file class certification motion and expert report on class certification | 14 days from the close of class certification discovery |
| Apple's deadline to respond to class certification motion and to file responsive expert reports on class certification | 35 days from the filing of Plaintiffs' motion for class certification |
| Plaintiffs' deadline to file a reply in support of class certification motion and rebuttal expert reports on class certification | 14 days from filing of Apple's opposition to Plaintiffs' motion for class certification |
| Fact discovery cut-off | 270 days after the pleadings are settled |
| Deadline for opening merits expert reports | 21 days from the fact discovery cut-off |
| Deadline for rebuttal expert reports | 35 days from the deadline for opening merits expert reports |
| Expert discovery cut-off | 30 days from the deadline for rebuttal expert reports |

| DEADLINE | PROPOSAL |
|---|---|
| Summary judgment and *Daubert* motions | 30 days from the expert discovery cut-off |
| Opposition to summary judgment and *Daubert* motions | 35 days from filing of summary judgment and Daubert motions |
| Replies in Support of Summary Judgment and *Daubert* Motions | 21 days from filing of oppositions to summary judgment and Daubert motions |
| Final pretrial conference | 90 days after the hearing on Motions for Summary Judgment |
| Trial | 2 weeks after the Final pretrial conference |

**17. <u>Trial</u>**

Plaintiffs request a jury trial. At this time, the Parties believe that it is premature to address trial-setting issues because the Parties are seeking an alternative means of resolving the dispute. Additionally, the length of any trial will largely depend on the outcome of Apple's motion to dismiss, any motion for class certification and any motions for summary judgment. Thus, the Parties propose that any trial-setting issues be discussed at a case management conference to be held following the Court's ruling on class certification, if any.

**18. <u>Disclosure of Non-party Interested Entities or Persons</u>**

**Plaintiffs' Position:** Plaintiffs do not believe any non-party entities or persons have an interest in this case.

**Defendant's Position:** Apple has filed the Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 23.) Apple confirms that the statements therein are currently accurate and that it has no parent corporations, there is no publicly held company that owns 10% or more of Apple's stock, and there is no other kind of interest that could be substantially affected by the outcome of the proceeding.

**19. <u>Professional Conduct</u>**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other Matters**

None.

Dated: March 31, 2023

TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
TIFFANY CHEUNG

Attorneys for Defendant
APPLE INC.

Dated: March 31, 2023

GILLIAN L. WADE
MILSTEIN JACKSON
FAIRCHILD & WADE, LLP

By: */s/ Gillian L. Wade*
GILLIAN L. WADE

Attorneys for Plaintiffs
LAUREN HUGHES AND JANE DOE

**ECF ATTESTATION**

I, TIFFANY CHEUNG, the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**, in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Plaintiffs has concurred in this filing.

Dated: March 31, 2023

TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: *___/s/ Tiffany Cheung___*
TIFFANY CHEUNG

Attorneys for Defendant
APPLE INC.