March 5, 2025

**VIA ECF**

Hon. Vince Chhabria, District Judge
United States District Court, N.D. Cal.
San Francisco Courthouse
Courtroom 4, 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

RE:   *Hughes, et al., v. Apple*, Case No. 3:22-cv-07668-VC
       Joint Letter Brief re Custodians

Dear Judge Chhabria,

**Plaintiffs' Position:** Apple repeatedly has refused Plaintiffs' requests to meet and confer on discovery issues, only relenting and providing their availability when Plaintiffs approach the point of seeking Court intervention, including by presenting Apple with a drafted letter brief to be filed with this Court. This flies in the face of Fed. R. Civ. P. 37 as well as Local Rule 37-1 and cannot continue. Plaintiffs respectfully seek the assistance of the Court in the form of an order requiring Defendant Apple, Inc. to commit to a telephonic meet and confer to identify and discuss their intended custodians—a condition that both Parties have agreed to in the course of negotiating their Protective Order ("PO") and ESI Protocol, and which is required by the federal rules. Further, Plaintiffs respectfully seek an order that when any Party makes a written request that the other meet and confer, the other Party must confirm within 48 hours its availability to meet and confer at a date and time that is no less than seven days from the date of the request.

In response to Plaintiffs' request that the Parties meet and confer to discuss Apple's custodians, ahead of which Apple would disclose its proposed custodians, Apple asserts the position that it will not agree to such meet and confer until the Court has entered the PO and the ESI Protocol. This argument is meritless for multiple reasons, the most notable being that the Parties' respective drafts of the ESI Protocol each contemplate the disclosure and discussion of document custodians, as does the Northern District of California's ESI Checklist and Fed. R. Civ. P. 26, which requires the Parties to identify and disclose the names of individuals likely to have discoverable information as to the claims and defenses in this action. Thus, the need to discuss custodians is neither in dispute nor contingent on provisions in the PO or ESI Protocol.

To the extent the discussion of custodians is linked to finalizing the PO, there is no reason it should not be resolved soon. After many exchanges of drafts and meet and confers, *Apple has provided Plaintiffs with its final positions on the PO*, and thus that document is no longer in dispute, other than a handful of provisions outside the N.D. Cal. model Apple is demanding (Plaintiffs anticipate filing a separate letter brief as to discrete areas of impasse with the PO). As to the ESI Protocol, nothing that is still being negotiated should prevent the parties from beginning discussions on

relevant custodians in order to move along the process of document collection as a precursor to processing, search, and review. Apple's position is meritless, and its only reason to wield *separate* disagreements over discovery planning as obstacles to meet and confers about custodians is to bake in further delay.[1]

As noted above, this is not the first time Plaintiffs have been stalled by this type of gamesmanship. Beginning on October 18, 2024, Plaintiffs repeatedly asked counsel for Apple to provide times and dates for a meet and confer to discuss Apple's responses to Plaintiffs' written discovery as well as the PO and ESI Protocol. After refusing to confirm a date for nearly a month, it was only when Plaintiffs' counsel provided a draft discovery letter, on November 18, 2024, that Apple relented and agreed to engage in the discovery process.[2]

Plaintiffs once more find themselves in a position where opposing counsel refuses to engage—wholesale—in the meet and confer process. This refusal is grounds for sanctions under the Federal Rules and under Local Rule 37-1(a). "[W]here, as here, the responding party would not engage in meet and confer efforts, both Rule 37(a) and Civ. L.R. 37 allow counsel to raise issues with the Court and to seek sanctions." *Clements v. T-Mobile USA, Inc.*, No. 22-cv-07512-EJD (SVK), 2024 U.S. Dist. LEXIS 37558, at *7-8 (N.D. Cal. Mar. 4, 2024).

Plaintiffs regret that they must burden the Court with an issue as fundamental—and as uncontestable—as whether the parties must provide dates and times to meet and confer upon request. However, given the history of Apple's conduct and its declared intent of continuing to ignore its obligations under the rules, Plaintiffs must seek the Court's assistance. Plaintiffs respectfully ask that the Court order Apple to immediately commit to a meet and confer to discuss

---

[1] Plaintiffs anticipate—because Apple repeatedly has foreshadowed in recent weeks—that Apple intends to blame Plaintiffs for any discovery delays because Plaintiffs did not provide revisions to Apple's May 2024 draft ESI Protocol until January 2, 2025, when the Parties were still in negotiations over the scope of each others' productions of documents. This delay was due to Plaintiffs' search for an eDiscovery vendor, including to assist with written comments. Plaintiffs concede they could have done so earlier. Nonetheless, there is no reason it should take over two months to conclude negotiations over the ESI Protocol. The reason for the slow pace since January 2 is Apple's own foot-dragging. On January 15, 2025, Apple responded to propose the Parties have a third meet and confer concerning the ESI Protocol (the first two were in July and August). But in the meet and confer, Apple was not prepared to discuss its responses to Plaintiffs' markup, seeking only to collect information on Plaintiffs' changes. Apple promised its responses by January 31 but never sent them. It was only when Plaintiffs threatened to file a discovery letter by February 21 that Apple finally provided its markup. Further confirming that that Apple's tactics are not in good faith: **Apple's new ESI Protocol markup struck language *that Apple initially proposed* conceding that documents core to the case concern marketing, sales, and damages**.

[2] Similarly, following the Parties' late-November meet and confer concerning Plaintiffs' document requests, Plaintiffs made four separate requests for Apple's revised positions on the scope of its production before threatening on January 20, 2025 to file a discovery letter with the Court. Only then did Apple supply its responses on January 22, 2025.

custodians and enter an order that upon written request, a Party must within 48 hours confirm its availability to meet and confer within seven days of the request.

**Apple's Position:** Plaintiffs have elected to burden the Court with a request for a blanket meet and confer deadline—while simultaneously refusing Apple's invitation to meet and confer to finalize issues that should precede (or at least occur concurrently) with a discussion about custodians.

As Plaintiffs acknowledge, the ESI Protocol will designate the process for identifying custodians—*i.e.*, it includes the procedure for the very meet and confer Plaintiffs are requesting. Plaintiffs also concede they took *eight months* to respond to Apple's draft, and never offered any explanation for their delay until this discovery letter. Plaintiffs now claim for the first time that they were "search[ing] for an eDiscovery vendor," yet conspicuously fail to explain why such a search prevented them from engaging with Apple's draft ESI Protocol. Most recently, Apple promptly sent its proposed revisions to the ESI Protocol on February 21. Instead of responding to Apple's edits and (ironically) failing to offer to meet and confer regarding the ESI Protocol beforehand, on February 25, Plaintiffs demanded for the first time that Apple meet and confer about a new topic—Apple's custodians—and insisted that Apple be available to meet within 72 hours.[3]

Setting aside Plaintiffs' misguided expectation that Apple be available to meet and confer at their command, Plaintiffs' demand to confer about custodians while refusing to continue negotiations over the ESI Protocol is unreasonable. Resolving the pending issues regarding the scope of appropriate custodians is necessary to conduct an effective meet and confer and identify such custodians. For example, Apple's proposed ESI Protocol would require that custodians be "knowledgeable about and . . . involved with the core issues or subjects in this case." Plaintiffs' version contains no such limitation. Further, Plaintiffs propose that collections of documents must include a host of data sources such as Facebook Messenger, Snapchat, and Signal, regardless of whether the custodians used such apps for work communications. Apple proposes that collections be made from custodial ESI sources that a given custodian actually uses for their work. While the Northern District of California's ESI checklist generally contemplates the parties' discovery meet and confers will include discussion of custodians, it does not prescribe any rules about how or when such discussions occur. In fact, it explicitly states, "the timing of discussion about these topics[ ] may depend on the nature and complexity of the matter." N.D. Cal. Checklist for Rule 26(f) Meet and Confer Regarding ESI, at 1. In this matter involving complex and nuanced issues, resolution of the parties' outstanding disputes is necessary to complete a meaningful conferral regarding the specific custodian searches proportionate to the issues in this case. Again, as Apple has repeatedly explained to Plaintiffs, Apple is not refusing to confer about custodians, but made the reasonable request to confer in accordance with the procedures established in a finalized ESI Protocol.

---

[3] After Plaintiffs repeatedly ignored or refused Apple's requests that they respond to Apple's February 21 edits to the ESI Protocol, Plaintiffs finally provided a response less than three hours before Apple provided Plaintiffs with its insert to this letter.

In addition, both parties agree that productions of confidential information cannot begin until the Court enters a Protective Order. Thus, it also would promote efficiency to finalize the Protective Order, a threshold issue that needs to be completed before discovery can begin in earnest.

Contrary to Plaintiffs' mischaracterizations, Apple never has "refuse[d] to engage . . . in the meet and confer process." That is false. In reality, the parties have exchanged eleven letters and spent many hours across a number of calls meeting and conferring about both parties' discovery requests, the Protective Order, and the ESI Protocol. Plaintiffs' own position statement concedes that the parties have resolved most of their disputes over the Protective Order through the meet and confer process, revealing that their instant request about Apple's so-called refusal to meet and confer is baseless. Regarding the present dispute, Apple offered—multiple times—to meet and confer to finalize the ESI Protocol and Protective Order so the parties could promptly turn to custodian negotiations. But Plaintiffs refused. Eventually, Plaintiffs offered their availability to discuss the ESI Protocol, but insisted on raising this premature request about custodians with the Court before the parties could have that discussion. Moreover, Plaintiffs' statement selectively and conveniently omits Plaintiffs' own lengthy delays in responding to Apple's discovery correspondence. For example, after Apple sent Plaintiffs a meet and confer letter in August regarding Plaintiffs' discovery requests, Plaintiffs failed to respond for over two months, and when they finally replied in November, Plaintiffs failed to engage with any of the substance of Apple's positions: Instead of responding to any of Apple's questions about outstanding disputes over Plaintiffs' RFPs, Plaintiffs merely parroted Apple's positions and conclusorily declared the parties were at an impasse.[4]

Plaintiffs cite no authority supporting their demand that "when any Party makes a written request that the other meet and confer, the other Party must confirm within 48 hours its availability to meet and confer at a date and time that is no less than seven days from the date of the request."[5] Plaintiffs themselves never asked Apple to meet and confer about the relief they seek through this letter, and have routinely taken longer than 48 hours to respond to Apple's correspondence. *See* Standing Order for Civil Cases before Judge Vince Chhabria ¶ 18 (requiring parties to endeavor to "resolve their discovery dispute[s] . . . [with] a good faith effort" before burdening the Court). Plaintiffs made no such good faith effort here.

Plaintiffs seem to be attempting to blame Apple for their own considerable delay in progressing with this litigation. Apple reiterates that it remains ready and willing to confer about appropriate issues in a timely manner, and merely seeks to do so in a manner that is fair to both parties and in

---

[4] For the avoidance of doubt, Apple has not "relent[ed]" to Plaintiffs' unreasonable demands because of their threats to go to the Court. Plaintiffs appear to be employing a consistent tactic of serving premature discovery letter briefs on Apple so they can claim that Apple "relented" when in fact, Plaintiffs' discovery letter brief was never ripe in the first place.

[5] *Clements v. T-Mobile USA, Inc.*, No. 22-cv-07512-EJD (SVK), 2024 WL 923781 (N.D. Cal. Mar. 4, 2024), cited by Plaintiffs, does not support their position. First, unlike the defendant there, Apple never has "refused to meet and confer" with Plaintiffs. *Id.* at *3 n.1. Even so, the court in *Clements* denied plaintiff's sanctions motion both because the defendant did not act in bad faith and (as here) plaintiff himself had been dilatory. *Id.* at *3.

a sequence that will conserve the parties' and the Court's resources. In the interests of moving this litigation forward in a productive fashion, Apple proposes that the Court set a deadline of March 19, 2025 for the parties to file a proposed ESI Protocol, either through a joint submission or separate submissions setting forth the remaining issues of disagreement between the parties. Plaintiffs have informed Apple of their intent to file a separate letter brief about three outstanding disputes over the Protective Order (while again refusing to meet and confer regarding Apple's February 21 edits). Final entry of the ESI Protocol and Protective Order will facilitate an efficient and orderly process for completing discovery.

**WADE KILPELA SLADE, LLP**

*/s/ David Slade*
David Slade
Gillian L. Wade
Sara D. Avila
Collins Kilgore

*Attorneys for Plaintiffs Lauren Hughes et al.*

**MORRISON & FOERSTER LLP**

*/s/ Tiffany Cheung*
Tiffany Cheung
Claudia M. Vetesi
Jocelyn E. Greer

*Attorneys for Defendant Apple Inc.*