# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC |

**JOINT LETTER BRIEF REGARDING PLAINTIFFS' DISCOVERY RESPONSES**

Hon. Judge Thomas S. Hixson
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

Dear Hon. Judge Hixson:

Pursuant to Ms. Maher's June 10, 2025 email correspondence, the parties jointly submit this discovery letter brief describing their respective positions on their dispute regarding Plaintiffs' discovery responses. Counsel for the parties attest that they have met and conferred in good faith to resolve the disputes presented here. The parties have been unable to reach an agreement and respectfully require the Court's assistance.

Dated: June 17, 2025

| WADE KILPELA SLADE, LLP | MORRISON & FOERSTER LLP |
|---|---|
| By:   /s/ *David Slade*<br>    Gillian L. Wade<br>    David Slade<br>    Sara D. Avila<br>    Collins Kilgore<br><br>*Attorneys for Plaintiffs Lauren Hughes et al.* | By: By: /s/ *Tiffany Cheung*<br>    Tiffany Cheung<br>    Julie Y. Park<br>    Jocelyn E. Greer<br><br>*Attorneys for Defendant Apple Inc.* |

June 17, 2025

**Apple's Position:** Apple's opposition to Plaintiffs' class certification motion is due on July 18. Despite extensive meet-and-confers, only three of 41 Plaintiffs have begun producing documents, and none have committed to a deadline for completing productions. 27 Plaintiffs have not served substantive interrogatory responses, nor have they committed to a deadline for doing so. Plaintiffs' refusal to comply with their discovery obligations seriously prejudices Apple's defense— specifically, its ability to prepare for depositions and oppose class certification. As a result, Apple respectfully requests an order compelling Plaintiffs to promptly respond to discovery requests served months ago.

**Apple Properly Served Its Discovery Requests.** On March 15, 2024, the Court dismissed all but three Plaintiffs from the case, including one Plaintiff who is one of four proposed class representatives, and ordered that discovery may proceed as to only those three Plaintiffs. ECF Nos. 73–74. Apple served discovery requests on those three Plaintiffs on June 19, 2024. On November 18, 2024, the Court allowed certain claims of the remaining 38 Plaintiffs to move forward. ECF No. 98. The pleadings were settled on January 31, 2025—the deadline for amendment—when Plaintiffs declined to amend their complaint again. On March 28, Apple served requests for production ("RFPs") and interrogatories ("ROGs") on the 38 previously dismissed proposed class representatives. ECF No. 101, TAC ¶ 616, n.102–103. Plaintiffs' deadline to respond to Apple's discovery requests was April 28, 2025. On April 15, Plaintiffs requested a 30-day extension to respond to the RFPs and a 45-day extension to respond to the ROGs. On April 21, Apple informed Plaintiffs it was amenable to granting their request, but given Plaintiffs' requested extensions, the parties should discuss the schedule for class certification briefing. Plaintiffs' requested 45-day extension for their ROG responses meant Apple would not receive their responses until *after* Plaintiffs moved for class certification on June 6 and while Apple briefed its opposition, due on July 18. On April 22, Plaintiffs rejected Apple's suggestion, stating, "Plaintiffs will plan to respond by the original deadline." Because Plaintiffs agreed to respond by the deadline and before filing their class certification motion, Apple's proposal to revisit the schedule became unnecessary.

**Plaintiffs "Responded" with Boilerplate Objections.** Despite Plaintiffs' representations that they would respond to Apple's discovery requests, Plaintiffs served nothing more than boilerplate objections on April 25. Plaintiffs refused to provide any indication of which documents they would produce or any information at all—even in response to straightforward requests seeking information such as their full names and home addresses. *See*, *e.g.*, Montanaro ROG No. 4. The next business day, on April 28, Apple asked to meet and confer about these deficiencies. On April 29, Plaintiffs confirmed via email that their "intent is certainly not to stand on all of the objections," and during a meet and confer on May 1, Plaintiffs explained that, in line with their extension request, they intended to supplement their RFP responses within 30 days (*i.e.*, May 27, 2025) and their ROG responses within 45 days (*i.e.*, June 9, 2025). Plaintiffs thus violated the Rules and unilaterally granted themselves an extension.[1]

**Apple Sought to Reach Compromise.** Plaintiffs then insisted they might be able to start providing discovery responses sooner than their 30- to 45-day proposal if Apple informed Plaintiffs which

---

[1] Plaintiffs misleadingly argue that Apple "refused" to agree to the positions the parties negotiated for discovery requests served on the first three Plaintiffs. It was Plaintiffs who reserved the right to make "Plaintiff-specific" objections. Apple thus asked Plaintiffs to "identify how the parties' prior agreements would apply to the requests served on March 28 [so] we can consider that proposal to try to narrow this dispute." Ex. A at 12. Plaintiffs never responded to that request.

June 17, 2025

discovery responses Apple believed it needed most urgently for its class certification opposition. Relying on Plaintiffs' allegations that all 41 Plaintiffs would be proposed class representatives, TAC ¶ 616, n.102–103, Apple responded that it considered all Plaintiffs' responses equally important. To avoid burdening the Court, however, on May 30, Apple acquiesced and identified 10 Plaintiffs to prioritize. Far from "immediately agree[ing]," Plaintiffs responded with a lengthy email accusing Apple of obstructing their ability to provide discovery, even though Apple simply complied with Plaintiffs' request. Ex. A at 7-9. Notwithstanding Apple's efforts to reduce the claimed burden on Plaintiffs, to date, Plaintiffs have only provided supplemental ROG responses and objections—and no documents—for only eight of the 10 Plaintiffs on Apple's initial list. Plaintiffs respond by attempting to blame Apple for not agreeing to Plaintiffs' unreasonable requests for accommodations. But Plaintiffs do not cite a single rule or agreement with Plaintiffs that Apple's conduct purportedly breached. Apple served its requests in time to receive Plaintiffs' responses well in advance of the deadline to move for class certification on June 6, had Plaintiffs complied with the Rules. Moreover, the Rules do not require Apple to provide Word versions of discovery requests, much less by a certain date,[2] nor do they require Apple to rank requests that are all properly and timely served. Indeed, Plaintiffs simultaneously insisted that Apple should extend Plaintiffs' deadlines to respond to discovery while refusing Apple's request to extend its deadline to oppose class certification.[3]

Moreover, in their June 6 class certification motion, Plaintiffs revealed *for the first time* that only four Plaintiffs—Hughes, Harris, O'Neill, and Frank Freeman—are now proposed class representatives. Plaintiffs blame Apple for not asking them which Plaintiffs would serve as class representatives. But Apple had no way of knowing that it needed to ask that question. At no point while Plaintiffs insisted that Apple prioritize the discovery needed for its class certification opposition did Plaintiffs disclose that they intended to depart from the Complaint's allegations, which specifically allege that all 41 Named Plaintiffs "***are . . . proposed Class Representatives***." TAC ¶ 616, n.102–103 (emphasis added). Had Plaintiffs been forthcoming during the meet-and-confer process, Apple would have asked Plaintiffs to prioritize discovery from these four proposed class representatives. As Plaintiffs know, the Rule 23(a) analysis requires the Court to consider whether the proposed class representatives' claims are typical of those of the putative class and whether they will adequately litigate the case on behalf of absent class members. *See Medlock v. Taco Bell Corp.*, 2014 WL 2154437, at *3 (E.D. Cal. 2014) ("Discovery on the issue of typicality requires investigation of whether the claims and defenses of the representative parties are typical of the claims and defenses of the class."). Class representative discovery is critical to both inquiries.

**Apple's Requested Relief.** Plaintiffs assert they have "been consistent in estimating realistic timelines for their discovery responses," ignoring that they failed to meet the "realistic timeline" they proposed. Despite promising to supplement their responses in 30 to 45 days of their initial April 25 objections during the May 1 meet and confer, 27 Plaintiffs have not provided ROG responses, and only three Plaintiffs, served almost a year ago, have started producing documents. *See Bowden v. California*, 2019 WL 3410392, at *2 (E.D. Cal. July 29, 2019) (granting motion to compel and for sanctions because "defendant attempted in good faith to obtain the discovery

---

[2] To ensure the Word versions Plaintiffs received were identical to the PDF versions Apple originally served, Apple converted the PDF versions into Word. There is no reason Plaintiffs could not have converted the PDFs themselves.
[3] On June 12, Apple asked Plaintiffs whether they would stipulate to extensions of the deadlines for the class certification opposition and reply commensurate with the 31-day delay in receiving Plaintiffs' discovery responses. Plaintiffs rejected this proposal too.

June 17, 2025

responses without court action" and plaintiff failed to justify their untimely response). That three Plaintiffs recently produced 54 documents, and 12 Plaintiffs have now served supplemental ROG responses—only *after* Apple was forced to seek Court intervention and served Plaintiffs with its portion of this letter brief—does not moot these issues. Plaintiffs' responses are still incomplete and do not meet the late deadlines Plaintiffs themselves agreed to. To date, Apple is still missing documents from 38 Named Plaintiffs and supplemental ROG responses from 27. Moreover, as demonstrated by Ex. A—34 pages of the parties' email correspondence about this issue over the past two months—there is no need for any additional delay for the parties to meet and confer further. And although Plaintiffs now contend they will begin rolling productions on June 20, they provide no indication of when those productions will be complete. Apple thus respectfully asks the Court to order that (i) Plaintiffs Hembd, Doe 2, Hussein, Luan, Maginnis, Montanaro, Rintoul, Sametz, Ben, Epps, Hughes, Harris, O'Neill, and Frank Freeman (the original 10 "priority" Plaintiffs and the four proposed class representatives) complete their document productions by June 23; and (ii) the remaining Plaintiffs supplement their interrogatory responses and begin productions by June 20 and complete their productions by June 30. Under the current deadlines, Apple will not receive complete productions from Plaintiffs until only 18 days before its opposition to class certification is due.

**Plaintiffs' Position**: Apple has burdened the Court and Plaintiffs with a letter brief seeking relief that largely will be mooted by the time the Court schedules a hearing. In fact, at the time of this letter brief's *filing*, Apple has received supplemental interrogatory responses from each "priority plaintiff" (with the exception of Plaintiffs Rintoul and Ben, who have indicated they wish to dismiss their claims), plus Plaintiffs O'Neill, Freeman, and Harris (three of the four class representatives). Additionally, Apple already received its first production of documents for Kirkman, O'Neill, and Humphreys on June 13, and Plaintiffs are on track to begin a rolling production of documents for many—if not most—of the remaining Plaintiffs this week and next. Against this backdrop, it is disingenuous in the extreme for Apple to claim any prejudice in opposing Plaintiffs' class certification motion, because it *is* receiving substantive responses *and* documents. Equally important: this is a mess of Apple's own making. Apple waited until roughly two months before Plaintiffs' class certification deadline even to *propound* discovery for 38 Plaintiffs (totaling over 1,000 interrogatories and RFPs, collectively). And, despite having propounded discovery at a recklessly late date, Apple refused to engage with Plaintiffs on prioritizing discovery (either Plaintiffs or specific responses) until only one week before Plaintiffs' motion was due.[4] Regarding any of the relief sought that has not been mooted at the time of the hearing, many of the issues are not yet ripe, as the Parties must still meet and confer on many outstanding RFPs and Interrogatories.

**Discovery Opens for 38 Plaintiffs in November 2024**: On November 18, 2024, Judge Chhabria denied in part and granted in part Apple's second Motion to Dismiss (ECF No. 98) ("Order"). The Order explicitly stated that "all…discovery as to the named plaintiffs may proceed immediately." *Id*. at 11. Less than one month later, the Court adopted the Parties' proposed briefing schedule for class certification (ECF No. 105).

---

[4] Rather than once more reciting the communications between the Parties, Plaintiffs append correspondence on this issue from April 15 (when Plaintiffs first sought an extension from Apple), through June 6. The document is attached hereto as **Exhibit A**.

3

JOINT LETTER BRIEF REGARDING PLAINTIFFS' DISCOVERY RESPONSES
CASE NO. :22-CV-07668-VC (TSH)
ny-2973768

June 17, 2025

**Apple's Propounded Discovery and Plaintiffs' Request for an Extension**: Roughly 19 weeks after discovery opened for the 38 Plaintiffs, Apple propounded 76 sets of discovery requests (38 Interrogatories and 38 Requests for Production) totaling approximately 1,000 individual requests. Appreciating the enormity of the task of responding, Plaintiffs took several steps shortly after receipt, to maximize time spent on working on gathering information and documents, and to establish a schedule that might allow for substantive responses.  One such effort—a request made by counsel in virtually every litigation—was to ask Apple's counsel for the Word versions of the discovery they sent.  This simple and routinely granted courtesy would have saved Plaintiffs from having to transcribe over 750 pages of documents.  Instead, Apple declined to respond to Plaintiffs' request until days before the responses were due. Plaintiffs also asked Apple for a modest extension on April 15, 2025, of 30 extra days to respond to the RFPs and 45 days to reply to the Interrogatories.  Ex. A at 30-31.  The extensions sought were no longer than the extensions Apple had requested—which Plaintiffs immediately and unconditionally granted—for its own responses to discovery that Plaintiffs had propounded. Apple did not respond, and Plaintiffs once more sought the extension on April 21.  *Id*. at 30.  Apple refused to do so without modifying the class certification schedule. *Id*. While Apple avers, above, that its concern with the extension was that granting it "would mean Apple would not receive their responses until *after* Plaintiffs moved for class certification," that is inconsistent with Apple's explicit representation on April 24: "**To be clear, we were not requesting an adjustment of the schedule but thought you would need an extension of your class certification deadline to file after serving your responses.**" *Id*. at 28.

**Plaintiffs Serve Their Responses and Objections and Promptly Begin to Meet and Confer**: Immediately after providing their objections, Plaintiffs worked with Apple to set up multiple meet and confers in an effort to identify what Apple needed and remove as many impasses as possible. On April 30 and May 1, the Parties met and conferred extensively.  During these conferences, Plaintiffs asked Apple whether specific requests, interrogatories, or Plaintiffs could be prioritized. Apple declined to pursue that possibility at the time.  *Id*. at 19. On May 16, Apple informed Plaintiffs that it would be willing to forego immediate responses to 4 RFPs and 1 ROG. *Id*. at 15. However, the RFPs were all largely fungible across all Plaintiffs and sought pro forma material such as documents referred to in preparing the Complaint. *Id*.  Excising these requests would have little, if any, streamlining impact.

**On May 30, Apple Finally Elects to Prioritize Certain Plaintiffs**: On Friday May 30, one week before Plaintiffs sought to provide updated RFP responses, and one week from Plaintiffs' deadline to file their motion for class certification, Apple sent Plaintiffs a request to prioritize 10 of the Plaintiffs. *Id.* at 9. Plaintiffs immediately agreed to this demand, but explained to Apple that "we have been diligently working to provide supplemental responses for the 38 Plaintiffs and have been working on collecting and processing documents for all 41 for quite some time, meaning we've committed resources and already built a process to prepare supplemental responses and queue up productions for all of them. We can of course make adjustments to that process, but we cannot now go back in time several weeks to prioritize only 10 of these individuals in an attempt to meet the timeline Apple is demanding." *Id*. at 7. Apple makes hay of the fact that Plaintiffs did not inform Apple of the fact that it was not seeking discovery for 100% of the named Plaintiffs (setting aside O'Neill).  The simple reason for this is that Apple *did not ask*.  Had Apple engaged with Plaintiffs' requests for a discussion about what Apple felt it needed to oppose class certification, and had Apple simply sought to confirm who the class representatives would be, Plaintiffs of course would have told them.  It is not Plaintiffs fault that Apple has approached

4

June 17, 2025

discovery simply by issuing edicts and expecting them to be obeyed.

**Notwithstanding Apple's Protestations, It Has Or Will Have Received Much of the Relief It Purports to Seek, Absent Any Ruling From the Court**: Plaintiffs have been consistent in estimating realistic timelines for their discovery responses. On May 6, writing to memorialize the April 30-May 1 meet and confers, Plaintiffs notified Apple of their intent to supplement the RFPs in approximately 30 days (circa June 5) and the interrogatories in roughly 45 days (circa June 20). Plaintiffs largely stuck to—and in some instances, anticipate beating—this timetable, despite Apple's dilatory tactics. On June 6, Apple received supplemental RFP responses for the "priority plaintiffs," and on June 13 Plaintiffs served supplemental RFP responses for all remaining Plaintiffs, along with document productions for Plaintiffs O'Neill, Kirkman, and Humphreys. On June 16, Apple received supplemental ROG responses for the "priority plaintiffs," and Plaintiffs remain on target to (1) provide most if not all remaining Plaintiffs' supplemental ROG responses by June 20, as well as begin a rolling production for all remaining Plaintiffs—subject to the fact that several live disputes remain as to many of the Plaintiffs, which the Parties have not resolved via the meet and confer process.

**Apple's Additional Requested Relief—Completed Production by June 30th—Is Not Feasible, As Live Disputes Remain for Myriad Discovery Responses**: As Plaintiffs explained to Apple on June 4, "the 38 Plaintiffs will have unique limitations based on their individual grounds for objecting to Apple's requests. We cannot complete productions as to any Plaintiff until those issues are resolved." Ex. A at 4. The Parties largely have come to agreement as to both RFPs and ROGs for the initial three plaintiffs to whom Apple propounded discovery (O'Neill, Kirkman, and Humphreys), and Plaintiffs have asked Apple *multiple* times if it would be amenable to agreeing to a similar approach for the remaining Plaintiffs, but Apple has yet to assent. *See id.* at 13.

**Plaintiffs' Requested Relief**: Plaintiffs believe that Apple's requested relief is premature, given the current state of productions and meet and confer process. Plaintiffs propose that the Court hold in abeyance any telephonic hearing until the week of June 23, in order for the Parties to have a more realistic assessment of what discovery is in fact outstanding. Plaintiffs also move the Court to refrain from issuing any order regarding completion of any Plaintiffs' document production until the Parties have suitably met and conferred.

June 17, 2025

                              **MORRISON & FOERSTER LLP**

                              */s/ Tiffany Cheung*
                              Tiffany Cheung
                              Julie Y. Park
                              Jocelyn E. Greer

                              *Attorneys for Defendant Apple Inc.*

                              **WADE KILPELA SLADE, LLP**

                              */s/ David Slade*
                              Gillian L. Wade
                              David Slade
                              Sara D. Avila
                              Collins Kilgore

                              *Attorneys for Plaintiffs Lauren Hughes et al.*

June 17, 2025

## ECF ATTESTATION

I, TIFFANY CHEUNG, the ECF User whose ID and password are being used to file this **JOINT LETTER BRIEF REGARDING PLAINTIFFS' DISCOVERY RESPONES**, in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Plaintiffs has concurred in this filing.

Dated: June 17, 2025

TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
TIFFANY CHEUNG

Attorneys for Defendant
APPLE INC.