# Exhibit A

| From: | Collins Kilgore |
|---|---|
| To: | Greer, Jocelyn E.; Lopez, Victor; Sara D. Avila |
| Cc: | Cheung, Tiffany; Gillian Wade; David Slade; Edwin Kilpela; Elizabeth L. Pollock; Paige Noah; Lucy Holifield; James Lamarca; Park, Julie Y. |
| Subject: | RE: Hughes v Apple \| Request for Extension |
| Date: | Friday, June 6, 2025 6:47:28 PM |

Hi Jocelyn,

To be clear, I did not say we cannot begin rolling productions for the priority Plaintiffs by June 13. I said we cannot at this point commit to starting productions then. I promised to get you an estimate, and we are working on that. At this stage, I expect those productions to begin the following week (the week of June 16), but to the extent we can start getting the docs out by June 13, we intend to do so. I will have more for you in the way of estimates on our rolling productions next week. I expect that before we go in for a conference with Judge Hixson, you will let us know specifically what relief it is you are intending to request, since it's not clear from your email what the ask will be. Please let us know.

As to your view that Apple's decision not to begin document productions is unripe, we disagree. Apple has taken the definitive position that it will not begin document productions until we reach a resolution on whether it will agree to add the two custodians and three search terms we requested. We intend to ask the Court to order Apple to do so, because while we work on that agreement, it is unreasonable to hold up review and productions for the four custodians from whom Apple has already collected using the 44 search terms Apple has already agreed to apply. If you intend to oppose on the basis that our position unduly burdens Apple, we can tee that issue up for the judge. But we are plainly at an impasse.

As for the additional custodians and search terms Plaintiffs have requested, we are available to meet and confer on Monday at 11 or 12 Pacific or Tuesday at 9 or 10 Pacific. Please let us know if one of these times works for you.

Thanks,
Collins


Collins Kilgore
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E

Santa Monica, CA 90404

---

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Thursday, June 5, 2025 4:57 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

We can agree to accept the RFP responses for the "Priority Plaintiffs" by June 6; the production of "a substantial set of" Plaintiffs Humphreys', Kirkman's, and O'Neill's documents next week; and the interrogatory responses of the "Priority Plaintiffs" by June 16.  However, the rest of Plaintiffs' response is unacceptable.  At your insistence, we provided a discrete list of 10 Plaintiffs to prioritize in advance of Apple's opposition to Plaintiffs' motion for class certification.  Not only have you refused our proposal to begin rolling productions for those 10 Plaintiffs by June 13, you have not committed to a date by when you will begin productions for *any* of the Plaintiffs served with discovery on March 28.  As you noted below, we both have articulated our positions regarding Apple's March 28 discovery requests several times now and are at an impasse.  Accordingly, we will be emailing Judge Hixson's clerk to schedule a telephonic conference regarding Plaintiffs' deficient discovery responses, and we will copy you on that email.

However, any purported issues regarding Apple's document productions are not ripe for judicial intervention, especially because you refused our request in our last email to meet and confer about custodians and search terms.  As we've explained, Apple has been proceeding diligently in responding to Plaintiffs' requests, but Plaintiffs' attempt to impose undue burden and inefficiency into the production process is unreasonable.   We thus reiterate our request for a prompt meet and confer so we can work collaboratively to finalize agreed-upon search terms.

Best,
Jocelyn

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Wednesday, June 4, 2025 7:51 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Greer, Jocelyn E. <JGreer@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade

<slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock
<epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield
<lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y.
<JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

<mark>External Email</mark>

---

Victor,

We've each articulated our views several times on Plaintiffs' initial responses to Apple's
March 28 discovery requests.  I believe we've sufficiently memorialized that we disagree
with one another, and I hope we can leave it at that for now.

We also dispute your contention that we have failed to meet the expectations we set for
Plaintiffs supplemental responses or that the responses are now "untimely."  My letter
of May 6, 2025 estimated that Plaintiffs would supplement their RFP responses within
approximately 30 days and their Rog responses within approximately 45 days and that
rolling productions would begin soon after the supplemental RFP responses are served.

Apple's Proposal Concerning Plaintiffs' Discovery Responses and Productions

We can agree to supplement RFP responses starting on June 6 beginning with the
"Priority Plaintiffs," as you proposed.  We cannot produce documents for Plaintiffs
Humphreys, Kirkman, and O'Neill by June 6, but I expect that we can produce a
substantial set of their documents next week.

We cannot promise to serve the supplemental Rog responses by June 13 for all of the
Priority Plaintiffs, although I do expect that we can provide all or nearly all of those by
June 16, and we will endeavor to begin serving those on June 13 to the extent it's
reasonably possible.  We also cannot commit at this stage to begin rolling productions
for the Priority Plaintiffs by June 13.  I will follow up shortly with an estimate of when we
expect rolling productions can begin.

Similarly, I will have to get back to you with an estimate of when we estimate we will
begin rolling productions for the additional 28 Plaintiffs.

We cannot at this stage estimate when our document productions will be complete for
any Plaintiff.  First, we need to determine the feasibility of using search terms as a QC

method for Humphreys, Kirkman, and O'Neill before we can conclude whether search terms will even be appropriate to locate additional documents for review and, if so, how long we expect it will take to complete review and productions of those terms. Second, setting aside the search terms, we continue to have outstanding disputes over the productions of documents for Humphreys, Kirkman, and O'Neill that impact our proposed productions for the remaining 38 Plaintiffs. Third, the 38 Plaintiffs will have unique limitations based on their individual grounds for objecting to Apple's requests. We cannot complete productions as to any Plaintiff until those issues are resolved. Therefore, in terms of estimating when productions can be completed for any individual Plaintiff, it is too early to anticipate how each of these variables may impact production timeline, especially since the Parties have not yet conducted a single meet and confer as to what any one individual among the 38 Plaintiffs intends to produce. I expect we will be able to have a more informed discussion of these issues very soon as Plaintiffs begin providing Apple with their supplemental RFP responses.

<u>Apple's Document Productions</u>

Plaintiffs have already agreed to Apple's production from its initial custodians and proposed search terms. We have only proposed that Apple consider *adding* to those lists. It is disingenuous to characterize Plaintiffs' request for additional custodians or search terms as meaning we do not agree to the custodians and terms Apple initially proposed. Apple has no justification for its refusal to begin reviewing or producing documents while the parties dispute whether to add two more custodians and explore adding three search terms to Apple's list of 44 proposed terms. Given that Apple is not proceeding with producing documents, immediate Court intervention is warranted.

As to the custodians, the Parties discussed Apple's proposal of four initial custodians on April 30. On May 6, Plaintiffs sent correspondence requesting that Apple add John Bishop and Gillian Verga to its list of initial custodians. Plaintiffs also asked for additional information (i) about whether the teams identified in Apple's response to Plaintiffs' Interrogatory 1 possess responsive documents unique from the initial four custodians Apple proposed; and (ii) to confirm that Julien Freudiger, identified in Apple's initial disclosures, is unlikely to have documents concerning unwanted tracking of individuals using AirTags. It appears Apple is declining to add Plaintiffs' two proposed additional custodians and to provide Plaintiffs with the additional information requested. This is no basis for Apple to decline move ahead with producing documents for the four custodians it proposed and for whom Plaintiffs indicated their assent.

Similarly, the Parties discussed Apple's 44 proposed search terms on May 14, during

which discussion Plaintiffs learned that the words "Spice," "Posh," and "Cheesecake" are internal codenames directly relevant to unwanted tracking. Since Apple had already proposed searching for these terms but only with a limiter (e.g., airtag* NEAR/5 spice), we asked on the call that Apple include these terms without limiters among the other 44 terms. You responded that you would check with the client. Again, there is no basis for Apple to refuse to proceed with running searches, performing review, and producing documents using the other 44 terms while you explore the feasibility of adding these three terms.

Please confirm by <u>COB tomorrow, June 5, 2025</u> whether Apple will immediately begin producing documents from the four proposed initial custodians using the 44 terms it proposed. If Apple does not do so, we will contact Judge Hixson's chambers to schedule a telephonic conference.

Thanks,
Collins


Collins Kilgore
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E
Santa Monica, CA 90404

---

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Tuesday, June 3, 2025 12:07 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

As the record reflects and as we've explained, Plaintiffs failed to serve proper responses to Apple's March 28 discovery requests within 30 days, in violation of the Federal Rules. Further, although you

assured us that Plaintiffs would endeavor to supplement their deficient and untimely responses to Apple's requests for production within 30 days, they failed to meet that self-imposed deadline.  And although Plaintiffs Humphreys, Kirkman, and O'Neill have agreed that they will not use search terms to identify the majority of the documents they have agreed to produce, Plaintiffs have yet to produce a single document in response to RFPs that were served close to a year ago.

Notwithstanding Plaintiffs' failure to meet the timeframe they agreed to, we've suggested a compromise in an attempt to avoid burdening the Court.  Thus, we are surprised and confused by the suggestion in your email that by making this proposal, Apple is somehow obstructing Plaintiffs from timely providing discovery responses, which is demonstrably false.  If Plaintiffs are all moving forward with complying with their obligations and are prepared to produce all promised documents and discovery responses immediately, there is no need for any staging of their discovery responses.  If you would prefer to phase the productions, we have made a proposal in the interests of compromise.

For the avoidance of doubt, our proposal does not in any way mean that Apple is agreeing to "pause" the already untimely discovery responses of any other Plaintiffs.  As we noted below, Plaintiffs should immediately begin producing documents for Plaintiffs Humphreys, Kirkman, and O'Neill, who were served close to a year ago and have already agreed through the meet-and-confer process to produce several categories of documents.

Accordingly, Apple proposes the below in response to Plaintiffs' latest proposal:

- June 6: Produce documents for Plaintiffs Humphreys, Kirkman, and O'Neill; Plaintiffs will begin supplementing RFP responses, beginning with the 10 priority Plaintiffs (Hembd, Doe 2, Hussein, Luan, Maginnis, Montanaro, Rintoul, Sametz, Ben, Epps)

- June 13: For the 10 priority Plaintiffs (i) serve complete ROG responses and (ii) begin rolling productions

- June 20: Complete document productions for 10 priority Plaintiffs; begin rolling productions for remaining 28 Plaintiffs

Please let us know by Wednesday, June 4 whether Plaintiffs agree to Apple's proposal.  If you do not agree, we understand the parties to be at an impasse.

Lastly, Apple can begin document productions once Plaintiffs agree to Apple's proposed list of custodians and search terms.  This probably warrants another meet and confer.  Please let us know your availability for Thursday or Friday of this week, or early next week, to discuss.

Best,
Victor

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Friday, May 30, 2025 8:05 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila

<sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade
<slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock
<epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield
<lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y.
<JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

---

Jocelyn,

As early as the April 30-May 2, 2025 meet and confers, we invited Apple to identify
targets for prioritization among Plaintiffs' supplemental responses so that we could rush
to completion the responses and documents that Apple felt it more urgently needed for
its anticipated opposition to class certification.  I made a similar offer in my email of May
12, 2025, suggesting that we could accelerate responses if Apple identified those that
were a priority.  Apple stated during the meet and confer, and responded on May 16,
2025, that it is "entitled to all of the information" that it requested.  In that May 16,
correspondence, Apple identified only four RFPs and one rog that were of a lesser
priority, leaving us with still close to 30 requests to supplement for each Plaintiff.

Today, a month after we first invited Apple to tell us what to prioritize, you are demanding
that we provide supplemental interrogatory responses and begin producing for ten
Plaintiffs within a week and complete those productions within two weeks. At this stage,
we cannot possibly meet these demands for several reasons.

For one thing, we have been diligently working to provide supplemental responses for
the 38 Plaintiffs and have been working on collecting and processing documents for all
41 for quite some time, meaning we've committed resources and already built a process
to prepare supplemental responses and queue up productions for all of them.  We can
of course make adjustments to that process, but we cannot now go back in time several
weeks to prioritize only 10 of these individuals in an attempt to meet the timeline Apple
is demanding.

Also, late in the day on Tuesday you sent us a 14-page letter responding in part to my
May 6, 2025 letter discussing the RFP and Rog responses for Plaintiffs Humphreys,
Kirkman, and O'Neill.  We are working to digest Apple's revised positions and will
respond as soon as possible.  Your letter, however, is likely to affect our supplemental

responses for the 38 other Plaintiffs.  To remind you, we proposed, and Apple agreed, that Plaintiffs would generally provide supplemental RFP and Rog responses for the 38 Plaintiffs based on the agreements we reached as to Humphreys, Kirkman, and O'Neill, subject to any individual objections or issues specific to any particular other Plaintiff.  I memorialized this position in my May 6, 2025 letter and, not having received any confirmation from Apple, followed up by email on May 12, 2025 and May 16, 2025 to confirm that Apple agreed with Plaintiff's proposal.  Noting that Apple declined to confirm that understanding until May 19, 2025, we have been working diligently to supplement using the Parties' positions on the Humphreys, Kirkman, and O'Neill responses as a guide, including Plaintiffs' offers on the still-disputed positions.

To that end, your May 27, 2025 letter response to our May 6, 2025 positions on the RFP and Rog responses for Plaintiffs Humphreys, Kirkman, and O'Neill may require us to adjust our responses for the other 38 Plaintiffs.  Once we have had an opportunity to digest the letter, we plan to incorporate any new agreements or revised positions into our supplemental responses where reasonable and practicable.  But please keep in mind that this could require additional time, even if we stick to the 10 Plaintiffs Apple is telling us now that it wants to prioritize.

As for your demand that we must complete productions within two weeks, I'll remind you that we have only discussed search terms for the initial three Plaintiffs: Humphreys, Kirkman, and O'Neill.  We still need to determine appropriate search terms for the remaining 38 Plaintiffs, although that will be informed by what we learn from the first three.  And we are happy to start with the 10 that you've identified below as a priority.  I expect this will not be an issue because, as we've discussed, we anticipate that the search term process is not the primary means of identifying responsive documents.  But that process is necessarily sequenced behind the application of search terms to the first three Plaintiffs and cannot be completed within two weeks.  As to the go gets for these 10 Plaintiffs, please let us know immediately if you would like us to deprioritize productions for all of the other 31 Plaintiffs in order to rush the productions for these 10.  I cannot promise that we can turn on a dime and speed up every aspect of the review and production process for these 10, but we can at least accelerate a significant amount of their documents so long as we can pause the production process for the other 31 Plaintiffs.

Given all of this, we believe we can meet Apple's demands only in part.  We expect we will begin supplementing RFP responses by next Friday, starting with the 10 Plaintiffs you identified.  We will also aim to rush the start of rolling productions for these individuals, although these will necessarily be limited to the "go gets" we have collected for these

Plaintiffs, and we will be waiting to hear from you on pausing the process for the other Plaintiffs to accelerate the productions for these 10. As we've said for the past month and a half, however, supplementing our rogs will take approximately another two weeks after the supplemental RFP responses are served. We will do what we can to prioritize the supplemental rogs for the 10 Plaintiffs, but please understand that this may affect the timing of supplemental rogs for the remaining 28 Plaintiffs. I cannot at present give you a firm estimate on when we expect we can begin the rolling document productions for these 10, although I expect we can likely begin within the next two weeks.

Finally, please provide us with an update as to when Apple expects it will begin producing documents in response to Plaintiffs' RFPs.

Thanks,
Collins


Collins Kilgore
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E
Santa Monica, CA 90404

---

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Friday, May 30, 2025 8:03 AM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

Although you assured us Plaintiffs planned to supplement their deficient April 25, 2025 objections within 30 days, Plaintiffs still have not served proper responses. Last week, you also confirmed that Plaintiffs Humphreys, O'Neill, and Kirkman are not applying search terms to locate the vast majority of documents responsive to Apple's RFPs, which were served almost a year ago on June 19, 2024;

and yet, those Plaintiffs have not produced a single document.  Plaintiffs' failure to timely produce discovery prejudices Apple, especially in light of the July 18 deadline for Apple's opposition to Plaintiffs' motion for class certification.

To avoid burdening the Court about this issue—and without in any way waiving Apple's rights—we again propose a compromise based on Plaintiffs' offer to prioritize certain discovery responses.

First, we request that as soon as possible, and by no later than next Friday, June 6, Plaintiffs Humphreys, O'Neill, and Kirkman produce their agreed-upon documents.  Second, we request that Plaintiffs prioritize the document productions and interrogatory responses of the Plaintiffs in the list below.  These Plaintiffs should, at a minimum, serve complete interrogatory responses and begin rolling document productions by next Friday, June 6, with their productions to be completed by Friday, June 13.

- Derick Hembd
- Jane Doe 2
- Sofia Hussein
- Pamyla Luan
- Marissa Maginnis
- Anthony Montanaro
- Clara Rintoul
- Natalia Sametz
- Cheriena Ben
- Carla Epps

Please let us know by Monday, June 2 whether Plaintiffs agree to this proposal.

Best,
Jocelyn

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Monday, May 19, 2025 7:04 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

Hi Jocelyn,

We disagree with your interpretation of Plaintiffs' intent.  We made clear to Apple from the beginning that we assumed the objections could be resolved, but that this would require engaging in the meet and confer process.  If Plaintiffs' intent when serving objections is material to your anticipated request to Judge Hixson, please let us know, as we believe the Court would benefit from seeing the Parties' correspondence on this issue.  I assume Apple will agree, since you also think the record speaks for itself.

I'm confused by your last sentence, which asks that we inform apple what Plaintiffs "intend to produce" in response to the RFPs or how Plaintiffs "intend to supplement" the interrogatory responses.  Your prior email asked us to provide supplemental responses by the end of today.  But this appears to be asking for some representation about what we will produce and how we will supplement.  Can you please clarify?

Finally, we initiated the meet and confer process as to Apple's deficient interrogatory responses on April 2, 2025—more than six weeks ago—and Apple still has neither supplemented nor committed to do so.  We are comfortable that this issue is ripe for Judge Hixson's attention.

Thanks,
Collins

---

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Monday, May 19, 2025 10:58 AM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

The record speaks for itself and demonstrates that Plaintiffs served only boilerplate objections by the deadline set by Rules 33 and 34 with the intent of serving substantive responses weeks later, which is plainly a violation of the Rules.  Again, nothing in the Rules requires us to prioritize receiving

certain (already untimely) responses over others. And to the extent Plaintiffs plan to take the same general approach to their responses to the discovery requests served on March 28 that they took for those served on Plaintiffs Humphreys, Kirkman, and O'Neill, Plaintiffs could have—and should have—said as much in properly served responses. While the discovery requests were discrete, due to the nature of Plaintiffs' individualized accounts, they are different for each Plaintiff, so Apple cannot wholesale agree to your offer to take the same approach to the requests served on Plaintiffs Humphreys, Kirkman, and O'Neill in a vacuum. That said, if Plaintiffs can specifically identify the requests they view as overlapping with those served on the first three Plaintiffs and identify how the parties' prior agreements would apply to the requests served on March 28, we can consider that proposal to try to narrow this dispute.

We also have to correct the record below about Apple's responses to Plaintiffs' interrogatories. Apple and Plaintiffs agreed to a one-month extension of the deadline for Apple to respond (and shortly thereafter, Apple granted Plaintiffs a two-week extension to respond to the discrete set of RFPs and interrogatories served on Plaintiffs Humphreys, Kirkman, and O'Neill). Apple did not only serve objections, but provided multiple substantive responses. And the interrogatories to which Apple did not provide responses were (i) irrelevant because they requested information about unwanted tracking safety features available to Android users and there were no Android users in the case and/or (ii) vague and ambiguous, in which case, Apple offered to meet and confer about their meaning. In any event, Apple served those responses almost a year ago on July 1, 2024, allowing the parties ample time to meet and confer about the appropriate scope before Plaintiffs' deadline for class certification. Plaintiffs only followed up to schedule a meet-and-confer nine months later, in April 2025. At no point have Plaintiffs indicated any urgency in receiving Apple's responses, particularly given their nine-month delay in scheduling a meet-and-confer. In any event, during our recent meet-and-confer, we walked through each interrogatory and discussed how, where appropriate, Apple might be able to supplement its responses, and we intend to send you a letter confirming those forthcoming supplementary responses in the coming days. We invited Plaintiffs to do the same for the discovery requests served on March 28, which could have obviated the need for court intervention, but Plaintiffs were not prepared to do so. In short, Apple's July 1, 2024 responses to Plaintiffs' interrogatories are not similarly situated to Plaintiffs' recent wholesale, boilerplate objections, and there is no dispute regarding Apple's responses that is ripe for court intervention.

If Plaintiffs do not inform Apple what they intend to produce in response to Apple's RFPs or how they intend to supplement their responses to Apple's interrogatories by **EOD today** we will have no choice but to seek a telephonic conference before Judge Hixson.

Best,
Jocelyn

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Friday, May 16, 2025 8:23 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>

**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

Jocelyn,

It's a mischaracterization to say that Plaintiffs are granting themselves an extension.  We timely served objections to each of Apple's discovery requests.  Because our aim is not to obstruct discovery, we agreed to a prompt meet and confer with Apple without any detailed deficiency letter from you.  Ahead of that meet and confer we expressed that we expected that most of our objections could be resolved in a way that would result in our provision of substantive responses.  And, during the call, we sought to cut through a potentially lengthy meet and confer process concerning over 1000 requests by suggesting that our general approach should be to aim to agree that the 30 Plaintiffs could provide responses with narrowed scope along the lines of the agreements we've reached for the similar requests that Apple served on Plaintiffs Humphreys, Kirkman, and O'Neill (while reserving our right to stand on objections because of issues specific to each Plaintiff).  In my May 12 email, I repeated that this was our assumption and understanding.  You have yet to confirm that this approach is acceptable to Apple.  But you have not voiced any objection to that approach since we proposed it on May 1 and I memorialized the approach on May 12, and we are continuing to assume that Apple is in agreement.  At this stage, it is debatable whether Apple has sufficiently met and conferred with Plaintiffs about their objections when you will not confirm in writing that we've reached agreement on this basic proposal.

In any event, as I stated before, the record here shows that Plaintiffs have been diligent in serving timely objections, working with Apple to reach an agreement to resolve the objections, and moving ahead to provide Apple with substantive responses and documents.  We are aiming to promptly provide Apple with the discovery it needs within a reasonable timeframe.  We see no violation of either the letter or spirit of Rules 33 or 34.

I should also point out that Plaintiffs provided Apple with an almost two-month extension to respond to Plaintiffs' first set of Interrogatories last year, and at the end of

those two additional months, Apple provided only objections.  Even after the Court's rulings on the motions to dismiss mooted many of Apple's objections, it did not supplement its rog responses.  We met and conferred about these at the end of April, during which time Apple told us to expect that it would indeed supplement nearly all of its responses.  You promised to tell us by a week ago, on May 9, when we could expect a response, and we've still heard nothing as to when Apple will supplement a much more discrete set of requests that Apple has had for over a year.  Thus, to the extent that you intend to convene a telephonic conference with Judge Hixson we would like to add Apple's deficient interrogatory responses to the agenda or, if the Court prefers, schedule a separate call to discuss that issue.

Finally, while Apple has proposed that Plaintiffs should prioritize all but five of the discovery requests, this hardly helps with the timeline given that Apple has served approximately 30 requests on each of the 38 Plaintiffs.  As I said, Plaintiffs are working as diligently as possible to provide those responses and, as we originally estimated, expect to have the RFP responses to you within a few weeks and the Rog responses shortly after.  We do not believe that Court intervention is warranted given the timeline we've estimated.

Thanks,
Collins


Collins Kilgore
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E
Santa Monica, CA 90404


---

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Friday, May 16, 2025 2:42 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>

**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

Our authority is FRCP 33 and 34, pursuant to which Plaintiffs had 30 days to respond to Apple's discovery requests. Can you please share any authority on which you're relying for your contention that it's appropriate for Plaintiffs to serve boilerplate objections and unilaterally grant themselves a 30 to 45 day extension to serve supplemental, substantive responses?

We still haven't heard from you on a firm date on when you can get us the substantive responses that are overdue, but in any event by Monday May 19, Plaintiffs will have had three additional weeks to prepare their responses, and we are not required to designate which requests Plaintiffs should prioritize for serving their already untimely responses. The discovery requests were discrete and targeted. As we explained during our last meet-and-confer, Apple is entitled to all of the information requested in advance of its class certification opposition deadline.

That said, without waiving any rights, we are amenable to you prioritizing, for each Plaintiff, the requests that are **NOT** listed below:

**RFPs**
1. All DOCUMENTS identified, reviewed, or relied upon for the purpose of responding to Defendants' First Set of Interrogatories to Plaintiff.
2. All DOCUMENTS referred to, identified in, or utilized in the preparation of Plaintiffs' Initial Rule 26(a)(1) Disclosure Statement.
3. All DOCUMENTS referred to, identified in, or utilized in preparing the original complaint (ECF No. 1), first amended complaint ("FAC") (ECF No. 46), second amended complaint ("SAC") (ECF No. 79), and third amended complaint ("TAC") (ECF No. 101) filed in this ACTION.
4. All DOCUMENTS showing, reflecting, relating to, supporting, or contradicting the allegations in the original complaint (ECF No. 1), FAC (ECF No. 46), SAC (ECF No. 79), and/or TAC (ECF No. 101), as applicable, in this ACTION.

**Interrogatory**
1. Describe with particularity ALL facts and IDENTIFY all DOCUMENTS and other evidence that YOU intend to rely on to support any harm or damages that YOU allegedly suffered as a result of the conduct complained of in the SAC, including all facts, DOCUMENTS, and other evidence supporting any claim that APPLE caused such harm or damages.

For the avoidance of doubt, Plaintiffs should provide all of their discovery responses well in advance of Apple's July 18th deadline for its class certification opposition.

Lastly, you're correct that if Plaintiffs do not provide supplemental, substantive responses by Monday, May 19—which, again, is three weeks after Plaintiffs' deadline—Apple intends to seek a

telephonic conference before Judge Hixson without letter briefing pursuant to paragraph 1 of his Discovery Standing Order, as the date by which Plaintiffs should serve their untimely responses is a straightforward dispute.

Thanks,
Jocelyn

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Thursday, May 15, 2025 6:03 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

---

Hi Jocelyn,

Can you please share with us the authority on which you are basing your contention that serving RFPs and Rogs on 38 individuals with only 30 days to respond is "sufficient time" for us to prepare and serve responsive documents and interrogatory responses to over 1000 requests?

From your earlier message, it seems that Apple believes this issue is proper for a telephonic conference.  Is Apple's position that its request to compel Plaintiffs to provide discovery responses does not require letter briefing, either because it is a simple dispute or for some other reason?

Finally, you continue to sidestep my request for guidance on which of the discovery requests are a priority for Apple, to the extent we might be able to hurry those responses.  Please let us know if Apple has a position.

Thanks,
Collins

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Thursday, May 15, 2025 1:30 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

One minor correction below – it should have said "when the Court entered the class certification schedule, the claims of the 38 Plaintiffs on whom Apple recently served discovery requests had just been reinstated."  Please let us know Plaintiffs' position.

Best,
Jocelyn

**From:** Greer, Jocelyn E.
**Sent:** Thursday, May 15, 2025 10:08 AM
**To:** 'Collins Kilgore' <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

As you know, when the Court entered the class certification schedule, the claims of the 38 Plaintiffs on whom Apple recently served discovery requests had been dismissed from the case.  Since they were reinstated, Apple timely served requests with sufficient time to receive Plaintiffs' document productions and interrogatory responses before the July 18 deadline to oppose class certification, if Plaintiffs had timely responded pursuant to the Federal Rules.  Once Plaintiffs suggested they would not be able to meet that deadline, Apple appropriately asked to discuss the broader case schedule so that Apple would not be prejudiced by Plaintiffs' requested extension by being precluded from relying on this discovery in its opposition.  But Plaintiffs' unilateral decision to serve only objections, with substantive responses to follow in 30 to 45 days, does exactly that.

If Plaintiffs do not serve supplemental, substantive responses by next Monday, May 19—which is

already three weeks after Plaintiffs' initial deadline—we will have no choice but to seek an order from Judge Hixson compelling responses by May 23.

We remain available to discuss.

Best,
Jocelyn

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Monday, May 12, 2025 6:52 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

External Email

---

Hi Jocelyn,

The record of our correspondence shows that Apple conditioned any extension of Plaintiffs' deadline to respond to the 38 sets of RFPs and 38 sets of interrogatories (totaling over 1,000 requests) on Plaintiffs' agreement to delay the case schedule.  We have been working diligently to collect documents and prepare substantive responses to the interrogatories.  But given Apple's refusal to grant Plaintiffs' reasonable request for an extension, we were forced to serve objections in order to preserve them, as they will affect the scope of the forthcoming responses we assumed we would be able to make so long as the Parties were to come to understandings on scope similar to those we've reached as to Apple's earlier discovery requests to Plaintiffs Kirkman, Humphreys, and O'Neill.  We explained this during our April 30, May 1, and May 2 meet and confers.  And our understanding from those calls was that Apple was amenable to and indeed expecting that the scope of Plaintiffs' acceptable responses for the 38 Plaintiffs would fall along similar lines as to those for the initial three.  If this is incorrect, please let us know.

In the meantime, we are continuing our diligent efforts to prepare responses and to collect and review documents.  But it is not possible for us to meet the demand you

made on Friday that we do so within two business days.  Moreover, we told you during our meet and confer sessions on April 30, May 1, and May 2 that we expected it would take us approximately 45 days to supplement our interrogatories and 30 days to supplement our RFPs.  It is unreasonable that Apple waited a week and then demanded that Plaintiffs supplement within only two business days.  That would be true in any case.  But especially given the large number of requests at issue, Apple should know that Plaintiffs cannot possibly comply in that timeframe.

As we commented on April 25—which was the first time Apple took the position that Plaintiffs' request for an extension would "preclude Apple from using any discovery from Plaintiffs in opposing class certification"—Apple has known the class certification deadline since last year.  To the extent Apple truly needs this discovery for class certification, we do not understand why Apple waited to serve the requests until it had no time to accommodate any extension.  Nonetheless, we are doing our best to promptly prepare supplemental responses.

To be clear, what exactly is the relief that you are proposing to seek from the Court as a result of the telephonic conference?  Are you seeking to compel Plaintiffs to provide substantive responses and, if so, by what date do you intend to propose that the Court order Plaintiffs to respond?

As I said during the April 30-May 1 meet and confer, it would be helpful if Apple identified which discovery requests it considers essential to its class cert opposition.  I recall that at the meet and confer you told me that Apple's urgent need extends to all of the discovery requests.  But if there are any requests that Apple wants Plaintiffs to prioritize, we would be happy to consider whether it could be reasonable and practicable to accelerate those.

Thanks,
Collins

---

**From:** Greer, Jocelyn E. <JGreer@mofo.com>
**Sent:** Friday, May 9, 2025 8:38 AM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y.

<JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Collins,

We are meeting and conferring before seeking a conference with Judge Hixson pursuant to Paragraph 1 of Judge Hixson's Discovery Standing Order.

As you know, on March 28, 2025, Apple served Requests for Production (RFPs) and Interrogatories on the 38 Plaintiffs whose claims had previously been dismissed.  On April 15, Plaintiffs requested a 30-day extension to respond to the RFPs and a 45-day extension to respond to the Interrogatories. Apple responded on April 21 that it was willing to provide Plaintiffs' requested extension and that in light of Plaintiffs' request, the parties should have a broader discussion about the case schedule. Plaintiffs declined to engage in such a discussion and instead served objections only in lieu of responses on April 25, 2025, in advance of the original deadline.  However, Plaintiffs did not provide a single substantive response to *any* of Apple's discovery requests.  In their responses to Apple's RFPs, Plaintiffs failed to state what, if any, documents Plaintiffs would produce.  Plaintiffs also failed to respond to a single interrogatory, even where asked for simple and straightforward information they should easily have been able to provide.  *See, e.g.*, Plaintiff Brittany Alowonle's Response to Interrogatory No. 4 (objecting and refusing to respond to Interrogatory that stated, "IDENTIFY YOUR full name, and all of YOUR home address(es) and email address(es), including past and present home and email address(es) used within the last five years.").

Apple immediately requested to meet and confer with Plaintiffs about their deficient responses the following business day, on April 28.  In an email the following day, on April 29, Plaintiffs admitted their "intent is certainly not to stand on all of the objections—that is, [they] expect that through the meet-and-confer process we can reach agreements that will result in Plaintiffs providing substantive responses to many of the RFPs and Rogs."  Plaintiffs then confirmed during a meet and confer on May 1 and again in follow-up correspondence on May 6 that "Plaintiffs intend to supplement their RFP responses within approximately 30 days and their Rog responses within approximately 45 days."  Put simply, Plaintiffs tacitly concede that they ignored the deadline under the Federal Rules and unilaterally granted themselves an extension.

Especially in light of Apple's July 18 deadline to file its opposition to Plaintiffs' motion for class certification, Plaintiffs must supplement their April 25 responses to Apple's discovery requests and properly respond by no later than Tuesday, May 13.  If they do not, Apple will have no choice but to request a telephonic conference pursuant to Paragraph 1 of Judge Hixson's Discovery Standing Order.

We are available to discuss further.

Best,
Jocelyn

**From:** Collins Kilgore <ckilgore@waykayslay.com>

**Sent:** Tuesday, April 29, 2025 11:08 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

Understood, Victor, thanks.  To answer your earlier question, our intent is certainly not to stand on all of the objections—that is, I expect that through the meet-and-confer process we can reach agreements that will result in Plaintiffs providing substantive responses to many of the RFPs and Rogs and clarify the extent to which there are requests for which we cannot.

Thanks,
Collins

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Tuesday, April 29, 2025 6:36 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

We would like to discuss both the discovery responses Plaintiffs served this past Friday and the outstanding issues regarding Plaintiff Humphreys', O'Neill's, and Kirkman's discovery responses during our scheduled calls this week.  Please see the attached for more details.

Best,
Victor

**From:** Collins Kilgore <ckilgore@waykayslay.com>

**Sent:** Tuesday, April 29, 2025 6:11 PM
**To:** Lopez, Victor <<u>VLopez@mofo.com</u>>; Sara D. Avila <<u>sara@waykayslay.com</u>>; Greer, Jocelyn E.
<<u>JGreer@mofo.com</u>>
**Cc:** Cheung, Tiffany <<u>TCheung@mofo.com</u>>; Gillian Wade <<u>gwade@waykayslay.com</u>>; David Slade
<<u>slade@waykayslay.com</u>>; Edwin Kilpela <<u>ek@waykayslay.com</u>>; Elizabeth L. Pollock
<<u>epollock@waykayslay.com</u>>; Paige Noah <<u>pnoah@waykayslay.com</u>>; Lucy Holifield
<<u>lholifield@waykayslay.com</u>>; James Lamarca <<u>jlamarca@waykayslay.com</u>>; Park, Julie Y.
<<u>JuliePark@mofo.com</u>>
**Subject:** RE: Hughes v Apple | Request for Extension

<mark>**External Email**</mark>

---

Hi Victor,

Just to be clear, are you referring to Plaintiffs' objections served on Friday?  I read your
email yesterday as following up on our correspondence on Friday in which you proposed
we also discuss outstanding issues with Plaintiffs' responses to Apple's discovery
requests, which I took to refer to Apple's requests to Plaintiffs Humphries, Kirkman, and
O'Neill.  But based on your description of the topic to be discussed, and that you were
responding to my email on Friday about the objections we were serving for the other 38
Plaintiffs, I think I was misreading your email and that this is a new meet and confer
request.

If so, is your preference to have this discussion after we tackle the remaining issues with
the requests to Humphries, Kirkman, and O'Neill, or before?  And since I was confused,
I'll clarify that my request for guidance on what issues we still need to discuss was in
reference to your request to meet and confer as to the responses of Humphries,
Kirkman, and O'Neill.  Please let me know if you can give us a preview.

Thanks,
Collins

---

**From:** Lopez, Victor <<u>VLopez@mofo.com</u>>
**Sent:** Tuesday, April 29, 2025 2:07 PM
**To:** Collins Kilgore <<u>ckilgore@waykayslay.com</u>>; Sara D. Avila <<u>sara@waykayslay.com</u>>; Greer,
Jocelyn E. <<u>JGreer@mofo.com</u>>
**Cc:** Cheung, Tiffany <<u>TCheung@mofo.com</u>>; Gillian Wade <<u>gwade@waykayslay.com</u>>; David Slade
<<u>slade@waykayslay.com</u>>; Edwin Kilpela <<u>ek@waykayslay.com</u>>; Elizabeth L. Pollock
<<u>epollock@waykayslay.com</u>>; Paige Noah <<u>pnoah@waykayslay.com</u>>; Lucy Holifield

<lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

We'll circulate invites for Weds-Friday.  With respect to Plaintiffs' responses to Apple's discovery requests, we'd like to discuss whether Plaintiffs intend to provide any substantive responses or stand on their objections.

Thanks,
Victor

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Monday, April 28, 2025 10:39 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

<mark>External Email</mark>

---

Hi Victor,

I'm responding here to your email below and also your message on Friday concerning Plaintiffs' request to meet and confer about Apple's discovery responses and the custodians.  We can speak during the blocks you proposed from 3-4pm Pacific on Wednesday and from noon-1pm Pacific on Thursday (although we may have to begin a few minutes late on Thursday because I have a previously booked meeting that ends at around noon).

I suggest we go ahead and reserve both blocks.  We would like to start with Plaintiffs' topics.  And I anticipate that the discussion of Plaintiffs' discovery requests may take more than an hour, so we can continue that subject if needed on Thursday when we discuss Apple's proposed custodians.

As to your request that we discuss the topic of Plaintiffs' responses to Apple's discovery

requests, we are fine adding that on Thursday to the extent that there is time for us to get to it, which I expect there will be.  We can also book a block on Friday to make sure we have time if needed to cover everything Apple wants to cover.  I'm pretty open.  It may be productive if you give us a preview of what issues concerning Plaintiffs' responses you would like to discuss.

Finally, as to the search terms, we agree a separate discussion would be fruitful and are fine with a mutual exchange by COB Wednesday or Thursday if that works for Apple. Please let us know.

Thanks,
Collins

---

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Monday, April 28, 2025 6:02 PM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi all,

Please let us know when you're available to discuss Plaintiffs' responses to Apple's discovery requests this Thursday, 5/1 or Friday, 5/2.

Additionally, when can we expect a revised draft of the ESI protocol for Apple's review?

Thanks,
Victor

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Friday, April 25, 2025 4:35 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>

**Subject:** RE: Hughes v Apple | Request for Extension

External Email

---

Victor,

We are honestly perplexed to get this message after you wrote the following to us yesterday: "To be clear, we were not requesting an adjustment of the schedule but thought you would need an extension of your class certification deadline to file after serving your responses." You wrote that in response to—and apparently to dispel—Plaintiffs' stated understanding that Apple was conditioning any extension of Plaintiffs' response deadline on our agreement to delay in the class certification briefing. In any event, since your message finally makes it clear that Apple is itself aiming to delay the class certification hearing and the case schedule overall, and since today is the day that Plaintiffs' discovery responses are due, it is worth summarizing where things stand and how we got here:

- Even though we requested the extension almost two weeks ago, this is the first we're hearing that Apple believes it needs this discovery in opposing class certification. Apple had no justifiable reason to hide the ball on this. Yet, as recently as yesterday you denied that Apple wanted an extension, stating that you assumed it was *Plaintiffs* who wanted the extension. We immediately denied that. And yet it took you almost an entire day to get back to us, knowing that we were in the process of drafting and finalizing Plaintiffs' responses in order to meet the deadline.

- Here, on the day these discovery responses are due, Apple *still* has not explained why it believes the requested discovery is needed for its opposition to class certification. We told you on Tuesday that we were open to discussing adjustments to the case schedule if warranted but that we did not see Plaintiffs' discovery responses as necessary to class certification. Not only did Apple provide no such justification in response, as mentioned, you denied that Apple was seeking any extension of the schedule.

- Apple has also not explained why Plaintiffs' requested 30- and 45-day extensions would preclude Apple from using "any discovery" in its opposition to class certification, as both of those dates would fall well before Apple's opposition is due.

- For Apple to suddenly drop these positions on Plaintiffs on the day that our discovery responses are due, and nearly two weeks after we first requested the extension, reeks of gamesmanship.  If Apple had a good-faith reason to extend the case schedule, we would have expected you to provide us with that as soon as possible after we sought the extension.  Yet Apple obfuscated as to its purposes, including as recently as yesterday.

- Below you accuse Plaintiffs of seeking to preclude Apple from using this discovery in its class certification opposition.  Plaintiffs' purpose in seeking the extension is not to deny Apple any discovery it needs—we asked for more time to respond because Apple has served us with 76 separate sets of discovery comprising over 1000 individual requests.

- Moreover, Apple has known about the class certification deadlines for four months.  So it's puzzling that Apple waited so long to serve these discovery requests if its position is that the requested information is essential to class certification.  Indeed, it appears as though Apple is attempting to create a circumstance in which it can blame Plaintiffs for Apple's own delay.  To the extent that is your intent, we believe the Court will find Apple's maneuver just as transparent as we do.

As we stated on Tuesday, Plaintiffs are of course willing to consider adjustments to the case schedule if warranted, but Apple has yet to articulate a justifiable basis for requesting that class certification briefing be delayed.

As it stands, Plaintiffs are disappointed that Apple has been unwilling to afford us the courtesy of a commonplace extension of our response deadline, especially in light of the large volume of Apple's requests.  You can expect to receive copies of our objections shortly.

Thanks,
Collins


Collins Kilgore
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E

Santa Monica, CA 90404

---

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Friday, April 25, 2025 11:41 AM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

That is not Apple's position.  It is not reasonable for Plaintiffs to seek an extension that is designed to preclude Apple from using any discovery from Plaintiffs in opposing class certification.  As previously indicated, Plaintiffs can either (a) respond by the current deadline—as indicated in your April 22 email—and keep the current case schedule, or (b) propose a shift of the case schedule to accommodate Plaintiffs' request for extensions to respond to Apple's discovery requests.

Please let us know if you'd like to discuss.

Best,
Victor

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Thursday, April 24, 2025 2:01 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

External Email

---

Victor,

If Apple's position is that it is willing to grant the requested extensions without in turn requiring an amendment to the class certification schedule, then we would like to have the extensions (30 days for the RFPs and 45 days for the Rogs) in order to be able to provide substantive responses. Please confirm whether this is agreeable to Apple as soon as possible.

Thanks,
Collins

---

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Thursday, April 24, 2025 8:32 AM
**To:** Collins Kilgore <ckilgore@waykayslay.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: Hughes v Apple | Request for Extension

Hi Collins,

To be clear, we were not requesting an adjustment of the schedule but thought you would need an extension of your class certification deadline to file after serving your responses. But since Plaintiffs intend to serve their RFP and interrogatory responses by the original deadline, it appears we're on the same page, and this issue is moot.

We are working on converting the PDFs we served to Word documents and should be able to send them to you by COB today.

Best,
Victor

---

**From:** Collins Kilgore <ckilgore@waykayslay.com>
**Sent:** Tuesday, April 22, 2025 6:04 PM
**To:** Lopez, Victor <VLopez@mofo.com>; Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Edwin Kilpela <ek@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>; Paige Noah <pnoah@waykayslay.com>; Lucy Holifield <lholifield@waykayslay.com>; James Lamarca <jlamarca@waykayslay.com>
**Subject:** RE: Hughes v Apple | Request for Extension

**External Email**

---

Victor,

We are always willing to consider adjustments to the case schedule if warranted.  But we do not agree that our reasonable request for a modest extension of Plaintiffs' deadline to respond to Apple's latest *76 sets* of discovery requests (38 individual sets of RFPs and 38 individual sets of rogs)—which you served only 10 weeks before Plaintiffs' class certification deadline—should delay class certification briefing and the case schedule overall.  We believe the subject matter of these requests to be unnecessary to the class certification motion.  To the extent Apple contends the requests are in fact essential to the Court's decision on class certification, Apple has not explained this to Plaintiffs since we made our request for an extension on April 15.  In any event, given the overall volume of the requests, and the recency with which Apple served them, Apple's demand that a modest extension of Plaintiffs' response deadline be tethered to a delay in the case schedule is unreasonable.

I also must point out that we have now twice asked Apple to provide Word versions of its discovery requests, first on April 9 and then again on April 15.  As you know, providing Word versions of discovery requests is a courtesy that parties commonly afford one another in discovery to ease the burden of preparing written responses (indeed it is required in some jurisdictions).  Apple is apparently refusing to extend us this courtesy as well, which I can only assume is a deliberate choice to complicate Plaintiffs' effort in preparing its discovery responses.

Given where things stand, Plaintiffs will plan to respond by the original deadline.

Thanks,
Collins

---

**From:** Lopez, Victor <VLopez@mofo.com>
**Sent:** Monday, April 21, 2025 4:04 PM
**To:** Sara D. Avila <sara@waykayslay.com>; Greer, Jocelyn E. <JGreer@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Collins Kilgore <ckilgore@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>

**Subject:** RE: Hughes v Apple | Request for Extension

Hi Sara,

We are happy to consider your request, but as discussed last week, we think your request warrants a broader conversation regarding the case schedule, as your proposed deadline to respond to our ROGs would be after Plaintiffs' current deadline to file class cert.  Accordingly, we ask that you please circulate a revised proposed case schedule for Apple's review and consideration.  Once you circulate your proposal, we can be available to meet and confer.

Best,
Victor

**From:** Sara D. Avila <sara@waykayslay.com>
**Sent:** Monday, April 21, 2025 4:17 PM
**To:** Greer, Jocelyn E. <JGreer@mofo.com>; Lopez, Victor <VLopez@mofo.com>
**Cc:** Vetesi, Claudia M. <CVetesi@mofo.com>; Cheung, Tiffany <TCheung@mofo.com>; Gillian Wade <gwade@waykayslay.com>; David Slade <slade@waykayslay.com>; Collins Kilgore <ckilgore@waykayslay.com>; Elizabeth L. Pollock <epollock@waykayslay.com>
**Subject:** Re: Hughes v Apple | Request for Extension

<mark>External Email</mark>

Hi Jocelyn, Victor-
I'm writing to follow up on our email below. We touched on it briefly during our call at the end of last week, but given our deadline is Friday I wanted to circle back. Please let me know if you'd like to discuss. Thank you.

**From:** Sara D. Avila <sara@waykayslay.com>
**Date:** Tuesday, April 15, 2025 at 2:21 PM
**To:** JGreer@mofo.com <JGreer@mofo.com>
**Cc:** Lopez, Victor <VLopez@mofo.com>, cvetesi@mofo.com <CVetesi@mofo.com>, tcheung@mofo.com <TCheung@mofo.com>, Gillian Wade <gwade@waykayslay.com>, David Slade <slade@waykayslay.com>, Collins Kilgore <ckilgore@waykayslay.com>, Elizabeth L. Pollock <epollock@waykayslay.com>
**Subject:** Hughes v Apple | Request for Extension

Hi Jocelyn,
I'm writing to see whether Apple would be amenable to giving Plaintiffs short extensions of time to respond to the discovery you propounded on March 28, 2025. Given the breadth and number of requests, we would like an additional ~30 days (to Tuesday, May 27, 2025) to respond to the Requests for Production and an additional 45 days (to

Monday, June 9, 2025) to respond to the Interrogatories. To be sure, if we can ultimately provide them earlier than the proposed new deadlines, we'll certainly do so.

Relatedly, while I'm reaching out, have you had an opportunity to look into our request for Word versions of Apple's discovery requests?

Happy to discuss any of the above, if you like. Thank you.

Best,
Sara


Sara D. Avila
**WADE KILPELA SLADE, LLP**
2450 Colorado Avenue
Suite 100E
Santa Monica, California 90404
Direct:    (310)697-5807
Website: [waykayslay.com](waykayslay.com)


======================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](Privacy Policy).
.


======================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](Privacy Policy).
.

===============================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================
=====

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

=====================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.