**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

David Slade, *admitted pro hac vice*
slade@waykayslay.com
Lucy L. Holifield, *admitted pro hac vice*
lholifield@waykayslay.com
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

Edwin J. Kilpela, Jr., *admitted pro hac vice*
ek@waykayslay.com
Paige T. Noah, Esq., *admitted pro hac vice*
pnoah@waykayslay.com
James M. LaMarca, *admitted pro hac vice*
jlamarca@waykayslay.com
6425 Living Pl., Suite 200,
Pittsburgh, PA 15206
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]
*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAUREN HUGHES, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO EXTEND CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>Dept.: Courtroom 4 – 17th Floor Judge: Honorable Vince Chhabria<br>Third Am. Compl. Filed: November 25, 2024 |

Apple seeks to disrupt a schedule that it has known about for over six months because of its own dilatory and undisciplined approach to this litigation. Since as early as March 22, 2024, Plaintiffs informed Apple of the type of classes they would seek to represent; since November 18, 2024, Apple was instructed by the Court that "all…discovery as to the named plaintiffs may proceed immediately" (ECF No. 98 at 11); and since December 13, 2024, Apple has known the schedule for class certification briefing (ECF No. 105).

With those data points in mind, Apple would have been well served to spend 2025 constructively by taking the interrogatories and requests for production that it propounded on Plaintiffs O'Neill, Kirkman, and Humphreys—over a year ago on June 19, 2024—and transposing those documents into discovery for the remaining 38 Plaintiffs. Instead, Apple waited 19 weeks after discovery opened as to those 38 parties, and propounded over 1,000 Requests and Interrogatories on March 28, 2025.

What Apple *did* focus its energy on during Q1 2025 was the obstruction of Plaintiffs' efforts to obtain their own discovery. Apple consistently strung Plaintiffs along, even to the point of refusing to meet and confer to discuss outstanding issues regarding, *inter alia*, the Protective Order and ESI Protocol, which only now are in place because Plaintiffs had to seek the assistance of Judge Hixson on two separate occasions. *See* ECF Nos. 108-110; 119-121; 125-126; 128. Indeed, as of the filing of this response, Apple only has made one production of documents since the entry of the Protective Order, totaling 186 pages. This production occurred on Friday June 20, 2025, and then only after Plaintiffs had to (1) seek the assistance of Judge Hixson and (2) provide Apple their portion of a letter brief on the matter.

Plaintiffs do not purport to know how Apple elected to litigate its case, or why it made the choices it has, but from the outside looking in, it appears that Apple assumed that if it did everything in its power to delay discovery, Plaintiffs would be at a disadvantage and would be forced to ask the Court to move the class certification briefing schedule. This, of course, did not happen, and notwithstanding the fact that Apple still has not begun production in earnest in this litigation, well over a year after receiving Plaintiffs' first sets of discovery, Plaintiffs have

demonstrated that they are ready and able to meet the procedural moment of class certification. Not so—it would seem—for Apple, who failed to propound discovery promptly or even diligently.

Fortunately, the Court does not need to weigh (or even read) *either* party's grievances or jabs to decide this matter, because despite Apple's protestations, it is not prejudiced. Plaintiffs have provided Supplemental Interrogatories for 33 of the 41 Plaintiffs[1] (including the proposed class representatives, whose documents also have been produced to Apple). For those people whose supplemental discovery was not produced, Plaintiffs already informed Apple that three of those individuals—Jesseca Lane, Cheriena Ben, and Clara Rintoul—wish to dismiss their claims, and the Parties are negotiating this matter separately. Apple also has document productions for Plaintiffs Humphries, Kirkman, O'Neill, Epps, Hembd, Laun, Maginnis, Montanaro, Witherell, Doe 2, and Hussein, and further productions—including for the remainder of the proposed class representatives—are imminent. Simply put, there is nothing that Apple needs that warrants a modification of the schedule, particularly in light of Apple's own conduct.

## I.     RELEVANT BACKGROUND

### A. Discovery Opens for 38 Plaintiffs on November 18, 2024 and Apple Serves Its Discovery Over Four Months Later.

On November 18, 2024, the Court denied in part and granted in part Apple's second Motion to Dismiss (ECF No. 98) ("Order"). The Order explicitly stated that "all…discovery as to the named plaintiffs may proceed immediately." *Id*. at 11. Less than one month later, the Court issued an order setting the briefing schedule for class certification (ECF No. 105). Roughly 19 weeks after discovery opened for the 38 Plaintiffs, on March 28, 2025, Apple propounded 76 sets of discovery requests (38 Interrogatories and 38 Requests for Production) totaling approximately 1,000 individual requests.

---

[1] Brittany Alowonle; Chelsea Williams; Cody Lovins; Gail Burke; Hollye Humphreys; Jane Doe 3; Jessica Johnson; Joel Beidleman; John Kirkman; Karry Schuele; Laprecia Sanders; Lauren Hughes; Lisa Castle; Lyris Brady; Paola Ballester; Renata Fernandes; Rita Araujo; Vincent Hopkins; Roger Derick Hembd; Sofia Hussein; Carla Epps; Pamyla Laun; Jane Doe 2; Anthony Montanaro; Natalia Witherell; Marissa Maginnis; Áine O'Neill; Desiree Freeman; Frank Freeman; Tonya Harris; Dorothy Horn; Jacqueline Ward; and Jane Doe 4.

**B. Apple ignores requests from Plaintiffs for routine courtesies in the discovery process, and explicitly represents to Plaintiffs that it is *not* seeking an amendment to the class certification schedule due to its own inability to file its opposition.**

Appreciating the enormity of the task of responding to over 1000 requests, Plaintiffs took several immediate steps to maximize time spent on gathering information and documents, and to establish a schedule that might allow for substantive responses. One such effort—a request made by counsel in virtually every litigation—was to ask Apple's counsel for the Word versions of the discovery they sent. This simple and routinely granted courtesy would have saved Plaintiffs from having to transcribe over 750 pages of documents. Instead, Apple declined to respond to Plaintiffs' requests until only days before the responses were due (and thus too late to be helpful). Plaintiffs also asked Apple for a modest extension on April 15, 2025, of 30 extra days to respond to the RFPs and 45 days to reply to the Interrogatories. The extensions sought were no longer than the extensions Apple had requested—which Plaintiffs immediately and unconditionally granted—for its own responses to discovery that Plaintiffs had propounded in 2024. Apple did not respond, and Plaintiffs once more sought the extension on April 21. Apple refused to do so. While *now* Apple avers to the Court that its concern with the extension was that "Apple would receive Plaintiffs' ROG responses *after* Plaintiffs moved for class certification and just over five weeks before its opposition was due on July 18" (Mot. at 2; Cheung Decl. at ¶ 5), that is inconsistent with Apple's explicit representation to Plaintiffs on April 24: "**To be clear, we were not requesting an adjustment of the schedule but thought you would need an extension of your class certification deadline to file after serving your responses.**" Given Apple's refusal to extend the deadline, Plaintiffs timely served their objections. Plaintiffs agreed to an immediate meet and confer concerning its responses.

## II. LEGAL STANDARD

Under Rule 6(b)(1)(A), "the court may, for good cause, extend the time . . . if the request is made before the original time or its extension expires." Courts "generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad

faith, or abused prior extensions." *Parker v. FedEx Nat'l LTL, Inc.*, No. CV 11-638 DSF (FFMx), 2011 U.S. Dist. LEXIS 156562, at *7 (C.D. Cal. Apr. 11, 2011) (quoting 1 Moore's Federal Practice, §6.06[2] at 6-31 (3d ed.)).

### III. ARGUMENT

#### A. Apple Has Not Demonstrated Good Cause

##### i. Apple Has Not Acted Diligently

Apple waited 19 weeks after discovery opened for 38 Plaintiffs—and roughly two months before Plaintiffs' motion for class certification was due—to propound over 1,000 interrogatories and requests for production. This delay on Apple's part is dispositive in demonstrating that it failed to act diligently. Merely waiting *two* months to propound discovery is enough to demonstrate lack of diligence. *Parker*, 2011 U.S. Dist. LEXIS 156562, at *10 (C.D. Cal. Apr. 11, 2011) ("Parker is unapologetic about his complete failure to engage in discovery until March 11 - nearly two months after the case was transferred to this district.").

Apple offers no meaningful explanation for waiting months after (1) discovery opened; (2) the class certification schedule was set; and (3) the pleadings closed to propound the discovery that it now claims it must have in order to oppose Plaintiffs' class certification motion. Moreover, despite Plaintiffs' multiple attempts over several weeks to engage with Apple to help prioritize the information it needed for the procedural task at hand, Apple continually refused to engage, only providing an abbreviated list of Plaintiffs to prioritize *one week* before Plaintiffs' motion for class certification was due. If Apple had acted diligently, it would have engaged in a timely fashion with Plaintiffs to acquire the information it needed—instead, and keeping with its approach throughout—it waited until the eleventh hour. At best, Apple acted carelessly, and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

> ii. *Apple Cannot Be Said to Suffer Prejudice When (1) the Universe of Named Representatives is <u>Smaller</u> Than What it Anticipated and (2) it already has received or is in the process of receiving documents and supplemental interrogatories for those parties.*

Apple avers that "[w]ithout the extension, Apple faces serious prejudice, specifically, its ability to prepare for depositions and oppose class certification" (Mot. at 4), but this argument does not line up with the relief that Apple seeks. Apple does not simply want to extend its deadline in order to depose the four proposed class representatives and Plaintiffs' expert declarants; it also claims that it cannot meet its existing deadline because it must also depose ten *other* named Plaintiffs who are not proposed class representatives, in hopes of "further reveal[ing] individualized issues over Plaintiffs' claims." *Id*. at 5. But individualized issues are immaterial to Apple's class certification briefing, as Plaintiffs do not seek certification pursuant to Rule 23(b)(3), and therefore do not need to meet any predominance requirement. However, to the extent Apple wishes to make that argument, it concedes that "[t]he pleadings already raise serious commonality and typicality questions," and of course it may rely on those—not to mention the supplemental interrogatory responses it already has received from the majority of the named Plaintiffs—to support this argument. It does not explain—nor could it—why merits discovery would need to conclude before it could advance this argument at the class certification stage.

Apple is in the enviable position of having to depose *fewer* class representatives than it anticipated, and it now possesses discovery responses related to those individuals notwithstanding its negligent and dilatory approach to serving discovery. It strains credulity that this warrants a months-long extension to the existing schedule. Plaintiffs, on the other hand, have worked diligently to prosecute their case—even in light of Apple's delay tactics—and should not be penalized with further delay of this litigation. Apple's motion should be denied, and the existing schedule should be maintained.

Dated:  June 24, 2025      **WADE KILPELA SLADE LLP**

_____
Gillian L. Wade

Sara D. Avila
Marc A. Castaneda
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473
gwade@waykayslay.com
sara@waykayslay.com
marc@waykayslay.com

David Slade (admitted *pro hac vice*)
Lucy L. Holifield (admitted *pro hac vice*)
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
slade@waykayslay.com
lholifield@waykayslay.com
Tel: (501) 417-6445

**MILSTEIN JACKSON FAIRCHILD
& WADE, LLP**
Mark A. Milstein
mmilstein@mjfwlaw.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 396-9600
Fax: (310) 396-9635

**wh LAW**
Brandon Haubert
brandon@wh.law
Jessica Hall
jessica@wh.law
1 Riverfront Place, Suite 745
North Little Rock, AR 72114
Telephone:  501.891.6000
Facsimile:  501.222.3027

*Attorneys for Plaintiffs individually
and on behalf of all others similarly situated*