**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]
*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

David Slade, *admitted pro hac vice*
slade@waykayslay.com
Lucy L. Holifield, *admitted pro hac vice*
lholifield@waykayslay.com
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

Edwin J. Kilpela, Jr., *admitted pro hac vice*
ek@waykayslay.com
Paige T. Noah, Esq., *admitted pro hac vice*
pnoah@waykayslay.com
James M. LaMarca, *admitted pro hac vice*
jlamarca@waykayslay.com
6425 Living Pl., Suite 200,
Pittsburgh, PA 15206
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN HUGHES, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC<br><br>**DECLARATION OF DAVID SLADE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO EXTEND CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>Dept.: Courtroom 4 – 17th Floor Judge: Honorable Vince Chhabria<br>Third Am. Compl. Filed: November 25, 2024 |

I am a partner in the law firm of Wade Kilpela Slade LLP, counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' opposition to Defendant Apple's administrative motion to extend the class certification briefing schedule. If called as a witness, I could and would competently testify to the matters set forth below.

1. On June 19, 2024, Apple propounded discovery, consisting *inter alia* of Requests for Production and Interrogatories, on Plaintiffs Àine O'Neill, John Kirkman, and Hollye Humphries.

2. On November 18, 2024, the Court entered its Order on Apple's second motion to dismiss, which instructs Apple, in relevant part, that "all…discovery as to the named plaintiffs may proceed immediately." ECF No. 98 at 11

3. On December 13, 2024, the Court entered its Order providing the operative briefing schedule for Plaintiff's motion for class certification; Apple's opposition thereto; and Plaintiffs' reply in support. ECF No. 105.

4. On January 31, 2025, Plaintiffs' deadline to amend the pleadings elapsed. *Id*.

5. Two months later, on March 28, 2025, Apple propounded discovery on the remaining 38 Plaintiffs in this action—apart from O'Neill, Humphreys, and Kirkman—consisting of one set of Requests for Production of Documents ("RFPs") and one set of Interrogatories ("ROGs") directed to each.

6. On April 15, 2025, Plaintiffs requested a 30-day extension of their deadline to respond to the RFPs and a 45-day extension of their deadline to respond to the ROGs.

7. On April 21, 2025, Apple responded that Plaintiffs' "request warrants a broader conversation regarding the case schedule, as your proposed deadline to respond to our ROGs would be after Plaintiffs' current deadline to file class cert."[1]

---

[1] Plaintiffs are mindful of the Court's prohibition of exhibits in discovery motions and, while the instant motion is not necessarily a discovery motion, Plaintiffs are reluctant to append any exhibits in the instant brief. To the extent the Court wishes to view the relevant communications quoted herein, they already are a part of the record as Exhibit A to the Parties' letter brief currently before Judge Hixson. *See* ECF No. 139-1.

8. The same day, Plaintiffs replied that "We are always willing to consider adjustments to the case schedule if warranted. But we do not agree that our reasonable request for a modest extension of Plaintiffs' deadline to respond to Apple's latest 76 sets of discovery requests (38 individual sets of RFPs and 38 individual sets of rogs)—which you served only 10 weeks before Plaintiffs' class certification deadline—should delay class certification briefing and the case schedule overall."

9. Three days later on April 24, 2025, and in response to Plaintiffs' email of April 21, 2025, Apple replied "To be clear, we were not requesting an adjustment of the schedule but thought you would need an extension of your class certification deadline to file after serving your responses. But since Plaintiffs intend to serve their RFP and interrogatory responses by the original deadline, it appears we're on the same page, and this issue is moot."

10. On April 25, 2025, Plaintiffs provided their responses and objections for the 38 Plaintiffs' respective Interrogatories and Requests for Production.

11. On April 30 and May 1, the Parties met and conferred extensively. During these conferences, Plaintiffs asked Apple whether specific requests, interrogatories, or Plaintiffs could be prioritized.

12. On May 16, Apple informed Plaintiffs that it would be willing to forego immediate responses to 4 Requests and 1 Interrogatory, per Plaintiff.

13. On Friday May 30, one week before Plaintiffs sought to provide updated RFP responses, and one week from Plaintiffs' deadline to file their motion for class certification, Apple sent Plaintiffs a request to prioritize 10 of the Plaintiffs.

14. Plaintiffs immediately agreed to this demand, but explained to Apple that "we have been diligently working to provide supplemental responses for the 38 Plaintiffs and have been working on collecting and processing documents for all 41 for quite some time, meaning we've committed resources and already built a process to prepare supplemental responses and queue up productions for all of them. We can of course make adjustments to that process, but we cannot now

go back in time several weeks to prioritize only 10 of these individuals in an attempt to meet the timeline Apple is demanding."

15. To date, Plaintiffs have provided Supplemental Responses and Objections to Apple for the following Plaintiffs: Brittany Alowonle; Chelsea Williams; Cody Lovins; Gail Burke; Hollye Humphreys; Jane Doe 3; Jessica Johnson; Joel Beidleman; John Kirkman; Karry Schuele; Laprecia Sanders; Lauren Hughes; Lisa Castle; Lyris Brady; Paola Ballester; Renata Fernandes; Rita Araujo; Vincent Hopkins; Roger Derick Hembd; Sofia Hussein; Carla Epps; Pamyla Laun; Jane Doe 2; Anthony Montanaro; Natalia Witherell; Marissa Maginnis; Áine O'Neill; Desiree Freeman; Frank Freeman; Tonya Harris; Dorothy Horn; Jacqueline Ward; and Jane Doe 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 24th day of June, 2025 in Little Rock, Arkansas.

                                       */s/ David Slade*
                                       DAVID SLADE