UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>          Defendant. | Case No. 22-cv-07668-VC   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 155, 156 |

The parties have two disputes concerning Plaintiffs' medical records.

**A.     Scope**

The parties filed a joint discovery letter brief at ECF No. 156 concerning the scope of the medical records Plaintiffs should produce. As discussed at the hearing, the Court requires additional briefing because the parties did not brief choice of law. Under Federal Rule of Evidence 501, it would seem that state law governs privileges in this case, and under California law there is a body of case law interpreting the patient litigation exception to the physician-patient and psychotherapist-patient privileges, California Evidence Code sections 996 and 1016. Accordingly, as discussed at the hearing, the Court **ORDERS** the parties to file a joint discovery letter brief not to exceed six pages no later than July 24, 2025 discussing (1) whether federal or state law governs the issue of the scope of the medical records that should be produced; and (2) under each choice of law, what medical records should be produced. The Court schedules a hearing for July 25, 2025 at 1:00 p.m. by videoconference.

**B.     Timing**

Now let's turn to timing. Let's think about this from a practical perspective. The purpose of producing these medical records is to enable Apple to take a meaningful deposition of each

1   Plaintiff.  Therefore, in determining the applicable time period, we need to give Plaintiffs' counsel
2   a task that can be completed before the depositions.  Plaintiffs allege that most of them were
3   stalked in 2022 and 2023, but for some of them the time period of the stalking is vague or unstated
4   in the operative pleading.  ECF No. 101, e.g., ¶ 236 (vague), ¶ 258 (vague) ¶¶ 430-41 (unstated),
5   ¶¶ 471-74 (vague).  Also, a deposition by Apple is essentially a cross examination, so we can't
6   assume the testimony will come out exactly as alleged for each Plaintiff in the Third Amended
7   Complaint.  Under examination by Apple, some Plaintiffs might remember the dates of the alleged
8   stalking a bit differently, or additional stalking might have happened in the eight months since the
9   Third Amended Complaint was filed.  So, it would not make sense to time the medical disclosures
10  to the allegations in the operative pleading about when the stalking occurred for each Plaintiff
11  because sometimes those allegations are unstated or vague, and the testimony at deposition might
12  vary from the untested allegations.

13  We need a baseline start date and end date for every Plaintiff.  Plaintiffs think it should be
14  tied to the introduction of the AirTag in April 2021, and the Court agrees.  Plaintiffs propose a
15  one-year look back from April 2021, but the Court thinks that is too short.  Plaintiffs are largely
16  suing over emotional distress, and a major issue is causation.  Apple is entitled to take discovery to
17  test whether Plaintiffs' alleged emotional distress was caused by the alleged stalking.  Medical
18  records documenting pre-existing mental health issues similar in nature to the alleged injuries
19  could cast doubt on causation.  By contrast, the non-existence of such medical records would
20  strengthen causation.  There is no exact formula to apply here, but the Court thinks that a four-year
21  look back from the introduction of the AirTag is appropriate.  Accordingly, the Court **ORDERS**
22  that the start date for the relevant medical records is April 2017.  This order is without prejudice to
23  Apple seeking medical records going back further in time for a particular Plaintiff if Apple can
24  show that there is a Plaintiff-specific reason to do so.

25  As for the end date, both sides agree that medical records from after the events alleged in
26  the Third Amended Complaint are relevant; they just disagree about how long after.  The Court
27  sees no reason in principle why there should be an end date to relevance for emotional distress that
28  in many cases is alleged to be ongoing.  However, the Court is again mindful that the purpose of

producing these medical records is to enable the depositions to proceed.  So, we do need an end date, and it should be a date that has already happened, so Plaintiffs' counsel can go collect the records and finish that task.  Accordingly, the Court **ORDERS** that the end date for the medical records is June 30, 2025.  The Court is setting this end date to enable document collection and production to proceed so the depositions can happen.  This end date is without prejudice to being reconsidered later if there is a reason to do so.

**IT IS SO ORDERED.**

Dated: July 17, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge