UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>  Defendant. | Case No.  22-cv-07668-VC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 162 |

The parties have done a good job narrowing their dispute concerning the scope of the medical records that Plaintiffs must produce.  The parties agree that California law applies to this dispute, and the area of disagreement is whether Plaintiffs may redact their mental health records. Apple says no, arguing that mental health treatment is inherently complex and holistic in nature. Plaintiffs say yes, arguing that some of their mental health records may relate to conditions they did not put at issue by filing this lawsuit.

California Evidence Code sections 996 and 1016 establish the patient litigation exception to the physician-patient privilege and the psychotherapist-patient privilege, stating that "[t]here is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . [t]he patient."  The California Supreme Court has explained what this means.  With respect to section 1016, the California Supreme Court has held that "disclosure can be compelled only with respect to *those mental conditions* the patient-litigant has 'disclosed . . . by bringing an action in which *they* are in issue'; communications which are not directly relevant to those specific conditions do not fall within the terms of section 1016's exception and therefore remain privileged." *In re Lifschutz*, 2 Cal. 3d 415, 435 (1970) (quoting *City & County of San Francisco v. Superior Court*, 37 Cal. 2d 227, 232 (1951)) (emphasis

original). "Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality even though they may, in some sense, be 'relevant' to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court." *Id*.

The court went on to explain that "[i]n some situations, the patient's pleadings may clearly demonstrate that his entire mental condition is being placed in issue and that records of past psychotherapy will clearly be relevant." *Id*. "In other cases, however, the determination of the specific 'mental condition' in issue may present more complex problems." *Id*. at 436. The court went on to explain:

> The difficulties involved in analyzing the applicability of the exception in the instant case may be illustrative. The plaintiff's complaint, containing the typical allegations of "mental and emotional distress" arising out of a physical assault, does not specifically identify the nature of the "mental or emotional condition" at issue. In incorporating this allegation in his complaint, plaintiff obviously neither disclosed his entire medical history of treatment for mental or emotional conditions nor realistically waived his interest in maintaining the confidentiality of that treatment. The generality of the claim, however, does create the possibility that some feature of plaintiff's psychological history will be directly relevant to the determination of whether his emotional or mental distress can be properly attributed to the alleged assault. Although we doubt that the 10-year-old therapeutic treatment sought to be discovered from Dr. Lifschutz would be sufficiently relevant to a typical claim of "mental distress" to bring it within the exception of section 1016, we cannot determine from the present state of the record whether plaintiff's "mental and emotional" distress is merely the "normal" distress experienced as a result of physical assault or whether it includes unusual or particularly serious elements upon which prior history may be directly relevant.
>
> Because only the patient, and not the party seeking disclosure, knows both the nature of the ailments for which recovery is sought and the general content of the psychotherapeutic communications, the burden rests upon the patient initially to submit some showing that a given confidential communication is not directly related to the issue he has tendered to the court. A patient may have to delimit his claimed "mental or emotional distress" or explain, in general terms, the object of the psychotherapy in order to illustrate that it is not reasonably probable that the psychotherapeutic communications sought are directly relevant to the mental condition that he has placed in issue. In determining whether communications sufficiently relate to the mental condition at issue to require disclosure, the court should heed the basic privacy interests involved in the privilege; in general,

2

1      the statutory psychotherapist-patient privilege "is to be liberally construed in favor of the patient."

2  *Id*. at 436-437 (citations omitted).

3  In *Britt v. Superior Court*, 20 Cal. 3d 844, 862-64 (1978), the California Supreme Court held that the same analysis applies to section 996. *See also id.* at 849 ("[A]lthough in seeking recovery for physical and mental injuries plaintiffs have unquestionably waived their physician-patient and psychotherapist-patient privileges as to all information concerning the medical conditions which they have put in issue, past cases make clear that such waiver extends only to information relating to the *medical conditions in question*, and does not automatically open *all* of a plaintiff's past medical history to scrutiny.") (emphasis original).  "It should be understood, of course, that insofar as a number of injuries or illnesses" may "have contributed to a medical condition placed in issue by a plaintiff, defendant is entitled to obtain information as to all such injuries or illnesses." *Id*. at 864.

This case presents some of the difficulties discussed in *Lifschutz*.  The Court does not have a sufficiently developed record for the dozens of Plaintiffs at issue to conclude whether redactions to their mental health records are appropriate, and if so, what those redactions ought to include.  As in *Lifschutz*, the bare allegations in the operative complaint are simply inadequate to answer these questions.  Accordingly, "the burden rests upon the patient initially to submit some showing that a given confidential communication is not directly related to the issue he has tendered to the court."  2 Cal. 3d at 436.  "A patient may have to delimit his claimed 'mental or emotional distress' or explain, in general terms, the object of the psychotherapy in order to illustrate that it is not reasonably probable that the psychotherapeutic communications sought are directly relevant to the mental condition that he has placed in issue."  *Id*. at 436-37.

So that's what Plaintiffs will have to do.  For any redactions Plaintiffs make to their mental health records, Plaintiffs must make a Plaintiff-specific showing that each redaction is not directly related to the condition or conditions he or she has tendered to the Court.  In so doing, each Plaintiff may have to delimit his or her claimed mental or emotional distress or explain, in general terms, what is being redacted in order to illustrate that it is not directly relevant to the mental condition or conditions he or she has placed at issue.  For all the Court knows, there might be

3

1  some Plaintiffs for whom no redactions are appropriate because all the mental health treatment
2  they received is directly relevant to the conditions they have placed at issue.  For other Plaintiffs,
3  they might have specific mental health conditions that really are distinct from the conditions they
4  have put at issue by suing.

5  Accordingly, the Court **ORDERS** Plaintiffs to follow the California Supreme Court's
6  guidance quoted above and to substantiate any redactions they make to mental health records,
7  including any medications.  If Apple finds the basis for any of the redactions unpersuasive, the
8  parties shall meet and confer in an attempt to resolve the dispute, and they shall file a joint
9  discovery letter brief if they are unable to do so.

10  **IT IS SO ORDERED.**

12  Dated: July 25, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge