UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 22-cv-07668-VC   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 171 |

The parties have a dispute about search terms. Specifically, Apple has proposed 44 search terms to run on its documents, and Plaintiffs want Apple to revise three of them to search for three terms without any limiters. The three terms are "cheesecake," "spice," and "posh." Plaintiffs state without contradiction that these are Apple's internal code words that refer to its unwanted tracking alert technology for Android devices or industry specifications for unwanted tracking. As you may recall, this case is about unwanted tracking by the Apple airtag.

Apple proposes to attach the limiter "airtag* NEAR/5" before any instance of the three codewords, meaning that Apple's searches would not return any documents that use "cheesecake," "spice," or "posh" when the codewords do not appear within five words of "airtag" or "airtags." Plaintiffs want the limiter removed for these three search terms. Apple says that removing the limiter will add 100,000 documents to the documents it has to review for responsiveness.

Well, let's think about this. "Cheesecake," "spice," and "posh" have non-codeword meanings. In theory, Apple employees could email each other at work about recipes for cheesecakes, their favorite spices, or whether a new restaurant is posh. They could debate whether

1  Posh Spice was the best Spice Girl, or ask if colleagues want to have lunch at the Cheesecake
2  Factory.  Certainly, if the defendant were a grocery store or some other business where some of
3  these words would commonly be used in their everyday sense, using them as search terms without
4  limiters would not make sense.  But then, such a business would not likely pick these three words
5  as codewords.  The Court's sense is that documents at a technology company like Apple that use
6  "cheesecake," "spice," and "posh" in their non-codeword sense are probably rare, and indeed, that
7  is probably part of the reason Apple chose these words as codewords.  And since Apple's
8  custodians were presumably chosen because they are likely to have responsive documents, there is
9  every reason to think that the documents Apple is searching use these codewords in their
10 codeword sense.

11      Apple doesn't disagree.  Apple advances no argument that the codewords without limiters
12 are likely to turn up non-codeword uses of the terms.  Rather, Apple argues that Plaintiffs' request
13 is premature because "[u]ntil Apple's rolling production is substantially complete, Plaintiffs will
14 not have had the opportunity to meaningfully review Apple's production and identify any
15 purported gaps that could warrant their request."  Apple does not explain this argument, and the
16 Court does not understand it.  If Apple includes the limiter, then certain documents will be missing
17 from Apple's document production.  How are Plaintiffs supposed to look at Apple's produced
18 documents and figure out what wasn't produced?  Sometimes, a receiving party can spot
19 omissions in a document production, for example, if there are no emails for a given six-month
20 period, or if attachments to emails are missing.  But if Apple imposes its limiter on these search
21 terms, Plaintiffs will know that happened, but they won't have anything to compare Apple's
22 document production to in order to figure out what the effect of the limiter was.

23      Apple's next argument is that it does not have to review every document to comply with its
24 discovery obligations.  That is true, but Plaintiffs are not asking Apple to review every document.
25 They are asking Apple to review every document that hits on an Apple-created codeword that is
26 relevant to this case.  This discovery is relevant and proportional to the needs of the case, and it is
27 not unduly burdensome.

28      Accordingly, the Court **ORDERS** Apple to use the three codewords as search terms

United States District Court
Northern District of California

without limiters.

**IT IS SO ORDERED.**

Dated: August 19, 2025

THOMAS S. HIXSON
United States Magistrate Judge