UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAUREN HUGHES, et al.,

    Plaintiffs,

v.

APPLE, INC.,

    Defendant.

Case No. 22-cv-07668-VC (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 183, 188

The parties have a couple of discovery disputes. ECF Nos. 183, 188. The Court held a hearing on November 6, 2025 and now issues the following order.

**A.**   **ECF No. 183**

For the reasons discussed at the hearing, the Court **ORDERS** as follows:

1. Apple shall serve its narrative responses to interrogatories 1-18, for the interrogatories to which it intends to provide a narrative response, by November 7, 2025.

2. Apple shall complete by December 8, 2025 its initial production of documents from all non-custodial sources and from the documents returned from Apple's application of the 47 initial search terms to the data collected from its initial custodians.

3. Apple shall serve its Rule 33(d) references in its responses to interrogatories 1-18 by January 9, 2026.

**B.**   **ECF No. 188**

The parties have a dispute concerning Plaintiffs' communications with their alleged stalkers. Plaintiffs have agreed to produce communications with third parties (including their stalkers) discussing AirTags or unwanted tracking, stalking, and evidencing discovery or reporting of an AirTag. ECF No. 187-3 at 6. Apple wants "all" communications between Plaintiffs and

their stalkers from one year before discovery of the AirTag through the present. *Id*. at 2. The Court thinks Plaintiffs have the better of the argument.

In many cases, the alleged stalkers are an ex-spouse or an ex-partner. Plaintiffs' communications with them could relate to family members (including children), divorce proceedings, child custody disputes, marital problems, new relationships, or anything at all that someone might discuss with an ex. It is likely that many of those communications won't relate directly to stalking, and also likely that producing the full scope of those communications will be highly invasive to Plaintiffs' privacy. The Court doesn't buy Apple's argument that this much invasion of privacy is needed to defend against a lawsuit that alleges AirTags enabled stalking. When it comes to medical records, the Court has already rejected Apple's argument that Plaintiffs' claims of emotional distress damages entitled Apple to unfettered access to medical records – on the theory that any medical issue could be distressing and therefore an alternative cause of damages. ECF No. 163. Apple's similar argument that it needs absolutely every communication between Plaintiffs and their alleged stalkers, regardless of subject matter, so it can properly contextualize the alleged stalking and assess causation and damages is overreaching.

Accordingly, Apple's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 6, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2