UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>APPLE, INC.,<br><br>   Defendant. | Case No. 22-cv-07668-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 180 |

   The parties have a dispute about Plaintiffs' redactions to their medical records. To help the Court better understand the practicalities of the dispute, the Court ordered the parties to submit ten examples of the redacted medical records for *in camera* review, five chosen by Plaintiffs and five chosen by Apple. ECF No. 185.

   The Court has now reviewed the examples, and doing so has been quite illuminating. The examples total hundreds of pages and imply that the total volume of medical records at issue in the case is enormous. Each redaction, of course, is individual, made to one portion of a document. Except for Apple Exhibit 4, the redactions Plaintiffs have made in the examples submitted are quite restrained. It's obvious that careful thought went into these redactions, and these redactions do not look like an effort to conceal relevant evidence. In context, sometimes you can tell the particular reason for a redaction, but many times you can't just from looking at the redacted document, and the redaction log usually says that the redaction concerns a physical condition for which emotional distress is not a recognized symptom, or alternatively, medication or treatment not prescribed for emotional distress and/or prescribed for physical condition for which emotional distress is not a recognized symptom.

   Having reviewed these examples *in camera*, the Court has come to the conclusion that the

1  level of detail Apple seeks for each redaction is completely infeasible.  As a purely academic
2  matter, if you just thought about it in the abstract, Apple's request for "(1) Plaintiff-specific
3  showings for each redaction; (2) contextual explanations demonstrating why the redacted
4  information is not directly related to the mental conditions placed at issue; and (3) sufficient
5  identifying information to allow Apple to assess the propriety of Plaintiffs' redactions" might
6  seem logical.  But this collapses under the weight of reality when you realize the volume of
7  redactions and medical records at issue.  Further, this is not like a privilege log where every entry
8  is either privilege, work product, or both.  The explanations Apple is demanding would be specific
9  to each redaction and would presumably consist of information substantiating why the redacted
10 material is not relevant to the medical conditions each Plaintiff put at issue by filing suit.

11       This is an unjustifiable amount of work.  Discovery is supposed to be proportional to the
12 needs of the case, *see* Fed. R. Civ. Proc. 26(b)(1), and sometimes the Court's job is to declare that
13 perfection isn't worth it.  This is one of those times, and Apple's motion to compel is therefore
14 **DENIED**.

15       **IT IS SO ORDERED.**

17 Dated: November 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2