UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAUREN HUGHES, et al.,

    Plaintiffs,

  v.

APPLE, INC.,

    Defendant.

Case No.  22-cv-07668-VC   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 221

  We are here on some disputes concerning Apple's responses to Plaintiffs' interrogatories. ECF No. 221.

**A. Rule 33(d) References**

  Plaintiffs contend that Apple's Rule 33(d) references in response to rogs 9, 13, 16 and 17 refer to documents that Apple "will identify" and do not actually specify any documents as required by the Rule.  Plaintiffs are right about that, but Apple is right that the Court discussed this issue at the November 6, 2025 hearing and gave Apple a January 9, 2026 deadline to complete the Rule 33(d) references.  ECF No. 209; ECF No. 213 at 14.  That deadline was last Friday, so the parties need to advise whether this dispute has been resolved.  Accordingly, the Court **ORDERS** the parties to file a further joint discovery letter brief within seven days stating whether this dispute has been resolved, and if not, what remans of this dispute.  In the event the dispute is not resolved, the parties shall attach the most recent version of Apple's rog responses to the joint discovery letter brief.

**B. Limitations on Responses**

  **1. Rog 8**

Rog 8 asks Apple to "Identify, to date, the number of times law enforcement has contacted

Apple regarding unwanted tracking from an AirTag." Plaintiffs dispute two of the limitations that Apple imposed on its answer: (1) it limits its response to states where the named Plaintiffs reside, and (2) it will only identify "formal legal process" by law enforcement.

Apple says this discovery is barred by Judge Chhabria's order at ECF No. 98 at 11, which stated: "It is difficult to imagine that this case could ever result in certification of a class of all people in the U.S., so any discovery that relates only to that issue may not go forward without Court approval." The Court disagrees. The number of times law enforcement has contacted Apple regarding unwanted tracking from an AirTag does not relate *only* to nationwide class certification. It is also relevant to the merits of Plaintiffs' negligent design and product liability claims. The greater the number of such contacts by law enforcement, the more support they provide on the merits of Plaintiffs' claims. Conversely, the lesser number of such contacts, the less support they provide on the merits of Plaintiffs' claims.

Apple also argues that "requests from law enforcement without formal legal process may include general questions with no facial connection to unwanted tracking, such as what information Apple maintains about AirTag or how to submit a subpoena for an AirTag owner's information." However, contacts by law enforcement that are not about unwanted tracking are not responsive to rog 8.

The Court agrees with Plaintiffs that the two limitations they challenge are arbitrary and unjustified. The Court **ORDERS** Apple not to limit its response to states where the named Plaintiffs reside or to formal legal process.[1]

### 2.    Rog 9

Rog 9 asked Apple to "Identify, to date, the number of times any person who is not law enforcement has contacted Apple regarding unwanted tracking from an AirTag." Plaintiffs challenge two of the limitations Apple imposed on its response: (1) it limited its response to contacts through telephone and chat, and (2) it imposed an end date of April 5, 2024.

Apple similarly argues that rog 9 seeks information barred by Judge Chhabria's order, but for the reasons explained above for rog 8, the Court disagrees.

---

[1] In the joint discovery letter brief, Apple did not make any burden arguments concerning rogs 8 and 9.

United States District Court
Northern District of California

Apple says that "Plaintiffs offer no justification for seeking to include all non-law-enforcement inquiries, including 'subpoenas, CIDs, or letter requests for information from . . . government investigators,' in the total number of customer inquiries it has received, as this information may not necessarily relate to actual instances of unwanted tracking." But Plaintiffs do offer such an explanation: the total number of contacts regarding unwanted tracking is relevant to the merits of Plaintiffs' negligent design and product liability claims. Apple is correct that someone who contacted Apple about unwanted tracking could be mistaken and there might not have been actual unwanted tracking. Nonetheless, the requested information is relevant. The number of complaints about a product doing something unwanted is relevant to negligent design and product liability claims, even if not every complaint is valid. It remains true that many such complaints tend to support the Plaintiffs' claims while few such complaints tend to undermine them. Apple's end date of April 5, 2024 is also arbitrary.

Accordingly, the Court **ORDERS** Apple not to limit its response to telephone and chat and to remove the April 5, 2024 end date.

### 3.    Rog 20

Rog 20 asks Apple to "Identify all categories of Documents and Communications in your possession, custody, or control, concerning Plaintiffs, including but not limited to all Documents concerning any Apple IDs associated with Plaintiffs. For the purposes of this Interrogatory, 'Apple ID's associated with Plaintiffs' includes but is not limited to Apple IDs that Plaintiffs have disclosed to Apple in this Action."

Apple has refused to answer this rog. Instead, Apple has agreed to produce documents from two non-custodial databases. Plaintiffs say they want to know all the categories of documents available to Apple concerning these Plaintiffs, so they may evaluate whether additional categories of documents should be produced. Apple says this request seeks irrelevant information, such as Plaintiffs' iTunes purchases.

Plaintiffs have the better of the argument. Plaintiffs are not seeking *the documents* in all the categories of documents that Apple has that concern them. They just want to know what the categories are. They should not have to take at face value Apple's assertion that it has searched the relevant ones. They are allowed to kick the tires, at least to some degree, to see if there are

other categories of documents that may contains relevant information.  Accordingly, the Court

**ORDERS** Apple to answer rog 20.[2]

       **IT IS SO ORDERED.**


Dated: January 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[2] For rogs 8, 9 and 20, the Court does not impose a deadline for Apple to comply because the parties' written briefing did not provide a useful discussion of that issue.  The Court **ORDERS** the parties to meet and confer concerning a deadline, and if they are unable to agree on one, they should file a further joint discovery letter brief.