February 17, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC |

**JOINT LETTER BRIEF RE APPLE'S ROG 8 AND ROG 9 DATE LIMITATIONS**

Hon. Judge Thomas S. Hixson
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

Dear Hon. Judge Hixson:

Pursuant to the Court's Discovery Standing Order, the Parties jointly submit this joint letter brief describing their respective positions on their dispute regarding Apple's temporal end date for Interrogatory Nos. 8 and 9. Counsel for the Parties attest that they have met and conferred in good faith to resolve the disputes presented here. The Parties have been unable to reach an agreement and respectfully require the Court's assistance.

Dated: February 17, 2026

| | |
|---|---|
| WADE KILPELA SLADE, LLP | MORRISON & FOERSTER LLP |
| By: /s/ *Collins Kilgore*<br>Gillian L. Wade<br>David Slade<br>Sara D. Avila<br>Collins Kilgore<br><br>*Attorneys for Plaintiffs Lauren Hughes et al.* | By: By: /s/ *Julie Y. Park*<br>Tiffany Cheung<br>Julie Y. Park<br>Alexandra P. Barlow<br><br>*Attorneys for Defendant Apple Inc.* |

February 17, 2026

**Plaintiffs' Position**: Plaintiffs seek relief concerning Apple's arbitrary refusal to identify the number of inquiries Apple received from law enforcement (Interrogatory 8) and non-law enforcement (Interrogatory 9) concerning AirTag stalking *from April 4, 2024 up to the present*. To date, Apple has only provided such information up to April 4, 2024 for both interrogatories. On January 12, 2026, the Court ordered Apple to remove that arbitrary end date as to Interrogatory 9. Discovery Order at 3, January 12, 2026 (ECF 239). But Apple refuses to provide the latest information, insisting on another arbitrary date cutoff of June 30, 2025, which would deprive Plaintiffs of nearly 8 months of relevant data. And it is taking the same position as to the similar Interrogatory 8. On the grounds that the requested information is relevant and there is no burden to Apple to justify its continued withholding of the data, Plaintiffs respectfully seek an order from the Court requiring Apple to provide the information sought by Interrogatories 8 and 9 through the date that the Court issues the order.

On December 12, 2025, after the Parties had filed their joint letter concerning Apple's improper date cutoff in its response to Interrogatory 9, but before the Court made its ruling, Apple served a supplemental response to Interrogatory 8 asserting the same limitation: it provided no data after April 4, 2024. The only substantive difference between Interrogatories 8 and 9 is that they seek information concerning AirTag stalking reports from law enforcement versus *non*-law enforcement sources.[1] Thus, after the Court issued the January 12 Order requiring Apple to provide Plaintiffs with the information it had improperly withheld from its Interrogatory 9 response, Plaintiffs began meeting and conferring with Apple about its similar arbitrary end date for Interrogatory 8. Despite the Court's Order on Interrogatory 9, however, Apple now asserts that it will not produce up-to-date information in response to *either* Interrogatory, and that it will limit both responses to an end date of June 30, 2025.[2] As Plaintiffs have explained to Apple, information from June 30, 2025 to the present is relevant because it shows the full extent of the AirTag stalking problem, the fact that the problem is still ongoing, and Apple's knowledge of these facts. As the Court noted in its January 12, 2026 Order, the full number of law enforcement contacts and complaints from the public are relevant to Plaintiffs' claims. (*See* ECF 239 at 2-3.) And the latest information is relevant because Plaintiffs are seeking injunctive relief for Apple's ongoing unlawful and tortious conduct. Apple's arbitrary limitation thus not only conceals the full scope of the problem, but it also undermines Plaintiffs' ability to show that the harms caused by AirTag are continuing. Despite Apple's acknowledgement that proportionality should govern, Apple has not identified any burden associated with providing information

---

[1] Interrogatory 8 requests that Apple "Identify, to date, the number of times law enforcement has contacted Apple regarding unwanted tracking from an AirTag." Interrogatory 9 asks Apple to "Identify, to date, the number of times any person who is not law enforcement has contacted Apple regarding unwanted tracking from an AirTag."

[2] As to Interrogatory 9, Apple only informed Plaintiffs *yesterday* that it would not be providing data later than June 30, 2025.

1

JOINT LETTER BRIEF RE APPLE'S ROG 8 AND ROG 9 DATE LIMITATIONS
CASE NO. :22-CV-07668-VC (TSH)
MF-366921244

February 17, 2026

through the present day.  (*See also*, ECF 239, n.1 ("Apple did not make any burden arguments concerning rogs 8 and 9").)

To justify its refusal to produce the last 8 months of data, Apple contends that June 30, 2025 is, in the words of the Court, a "practical" end date, citing to the Court's July 17, 2025 Discovery Order concerning Plaintiffs' medical records.  When deciding the appropriate date cutoff for Plaintiffs' collection of medical records, however, the Court considered that an appropriate date would be one that would allow them to produce these materials ahead of Apple's depositions of Plaintiffs.  (ECF 158 at 1-3.)  Apple identifies no reason why the analysis behind the Court's selection of the June 30, 2025 end date for Plaintiffs' production of medical records, which zeroed in on the latest date from which Plaintiffs could practically collect, should not also require Apple to provide the latest information it has available.

Apple also argues that Plaintiffs have not sufficiently shown that the up-to-date data is relevant to Plaintiffs' *individual* claims.  First, Apple apparently concedes this information is relevant to the Class claims, which are still live.  Second, Plaintiffs each seek injunctive relief in their individual capacity.  (*See* ECF 101, Third Amended Complaint at ¶¶ 626, 634, 639, and 647 (seeking injunctive relief for each Plaintiff under their each of their claims, including Negligence, Design Defect, and the UCL causes of action).) Finally, aside from injunctive relief, the total number of law enforcement contacts or public complaints is directly relevant because a higher number is more supportive of Plaintiffs' claims on the merits while a lower number is less supportive.  This rationale, as articulated in the January 12, 2026 Discovery Order evaluating the relevance of the information sought in Interrogatories 8 and 9 (ECF 239 at 2, 3), applies with just as much force when Apple is seeking to limit the size of those numbers by withholding 8 months of data.  Apple fails to indicate that the complete data is irrelevant.  And its failure to articulate that the additional information is unduly burdensome makes the proportionality analysis simple.  Apple should report the data up to the present day.

Requested Relief – Plaintiffs seek an order from the Court requiring Apple to supplement its responses to Interrogatories 8 and 9 to provide the number of law enforcement and non-law enforcement inquiries up to the date that the Court issue's its order, and to do so by March 13, 2026, which is the date by when Apple already represented it can update both interrogatory responses to include the additional information as ordered by the Court in its January 12, 2026 Discovery Order.[3]

---

[3] As Apple notes below, the Parties anticipate that a dispute is nearly ripe as to Apple's similarly arbitrary date limitations on its document productions, which appear to apply the same end date of April 4, 2024.  The Parties' first meet and confer on that issue took place at noon Pacific on February 13, 2026—the filing date of this Letter Brief.  The Parties had already completed meeting and conferring concerning the date limitation on Interrogatories 8 and 9, and indeed the briefing of the issue was nearly finished, when, on February 12, 2026, Apple first suggested that

February 17, 2026

**Apple's Position:** Plaintiffs seek to impose a moving, undefined timeframe for certain document requests untethered to relevance, proportionality, or any factual development in this case. Their position would make the scope of discovery turn solely on the timing of motion practice—an approach that finds no support in Rule 26 or in this Court's prior orders.

Apple released AirTag in April 2021, and the latest any Plaintiff alleges they were tracked was in October 2023.[4] That timeframe informed Apple's response to this Court's January 12, 2026 order, when Apple agreed to a date range of April 2021 through June 30, 2025 for the total number of law enforcement and customer inquiries in response to Interrogatory Nos. 8 and 9.[5] This would provide over four years of data, including a year and a half beyond the last alleged tracking incident. It also mirrors the "pretty recent" June 30, 2025 end date this Court previously endorsed for document collection in this matter.[6] (*See* July 17, 2025 Hr'g Tr. at 14-15.) Yet Plaintiffs still demand more—insisting that Apple supplement through the date of an order *not yet issued*, while simultaneously demanding compliance by March 13. Plaintiffs identify no intervening factual development, no newly alleged injury, and no concrete need that justifies eight additional months of aggregate totals. Their demand is tied only to the timing of this dispute. That is not how discovery works. The Court should reject Plaintiffs' request and order Apple to provide information for Interrogatory Nos. 8 and 9 through June 30, 2025.

**Apple Volunteered to Supplement Its Interrogatory Responses to a "Practical" End Date.** In response to Interrogatory Nos. 8 and 9, Apple agreed to produce aggregate totals of law enforcement and customer inquiries related to unwanted tracking. On January 12, 2026, this Court ordered Apple to supplement these interrogatory responses. (ECF No. 239.) In doing so, it ordered Apple to remove the April 5, 2024 end date for Interrogatory No. 9 (customer inquiries) but did not specify the same for Interrogatory No. 8 (law enforcement inquiries). (*Id.* at 2.) The Court did not specify what end date to use instead of April 5, 2024 for Interrogatory No. 9. (*Id.*) On January 22, 2026, the Court ordered Apple to supplement its response to Interrogatory No. 9 by March 13,

---

the Parties delay bringing this already-ripened dispute to the Court's attention. Plaintiffs anticipate briefing Apple's other improper date limitations at the earliest opportunity but seek immediate resolution of the dispute as to the appropriate end date of Interrogatories 8 and 9, particularly when Apple is already in the process of collecting the information it needs to update those responses. Indeed, Apple is already asserting that it will require additional time to provide up to date data if ordered (again) to do so, even though it has 30-days left in the period Apple itself proposed.

[4] Plaintiff Jesseca Lane alleges she was tracked in January 2024, but she is dismissing her case.

[5] As discussed below, the Court did not order Apple to supplement its response to Interrogatory No. 9 through January 12, 2026. Plaintiffs did not discuss with Apple what end date should be applied to Interrogatory No. 9 until Plaintiffs circulated their draft letter brief on February 11, 2026. For consistency, Apple proposes that the same date cut-off be applied to both of these interrogatories.

[6] In a separate discovery dispute regarding Apple's requests seeking Plaintiffs' medical records through the present, this Court set June 30, 2025 as a "practical" end date for the purposes of document production. (ECF No. 158 at 1, 3.)

3
JOINT LETTER BRIEF RE APPLE'S ROG 8 AND ROG 9 DATE LIMITATIONS
CASE NO. :22-CV-07668-VC (TSH)
MF-366921244

February 17, 2026

2026.[7] (ECF No. 242.) Apple offered to supplement its responses to these interrogatories with an end date of June 30, 2025.

Plaintiffs have been aware of the April 5, 2024 end date for Apple's Interrogatory No. 8 response since December 12, 2025, yet chose not to raise the dispute when the parties were already litigating the end date for the Interrogatory No. 9 response. Instead of addressing the issue promptly, Plaintiffs waited, then shifted positions—first requesting supplementation through January 12, 2026 (the date of the prior order), and now demanding supplementation through the date of a *future* order.[8] Discovery cannot be expanded each time a dispute is briefed or an order is entered. There must be a stable and administrable cut-off.

Separately, while the parties were already discussing the need to brief this dispute, Plaintiffs sent a meet-and-confer letter on February 4, 2026 challenging Apple's use of April 5, 2024 as a global date cut-off for its document productions—despite having agreed to this date nearly a year earlier. In the interest of conserving judicial resources, Apple previewed to Plaintiffs that court intervention was likely necessary to resolve the global date cut-off dispute and proposed briefing both date cut-off disputes together. Plaintiffs refused.

These disputes, however, are closely intertwined. The rationale the Court adopts for selecting an end date here will necessarily inform the broader question of date cut-offs in this case. Establishing a later date cut-off here—based solely on the timing of motion practice rather than on demonstrated need—would have implications beyond these interrogatories and encourage Plaintiffs to raise discovery disputes in a piecemeal and delayed fashion for strategic purposes. For that reason, the practical consequences of expanding the global end date should be considered in evaluating whether further extension is warranted in this narrower context.

**Plaintiffs Have Not Shown Why A June 2025 Cut-Off Is Inadequate.** Apple agreed to supplement its response to Interrogatory Nos. 8 and 9 through June 30, 2025. Plaintiffs contend this is insufficient, and that aggregate inquiry totals through the present are relevant to Apple's "knowledge" of unwanted stalking incidents or to show an ongoing issue. Even if such information were relevant,[9] Plaintiffs will receive a substantial and recent dataset under Apple's proposed June 2025 date cut-off—spanning the entire period of Plaintiffs' alleged injuries and a year and a half beyond it. Moreover, the mere fact that eight Plaintiffs allegedly worked with law enforcement to

---

[7] The Court did not set a deadline for Apple to supplement its response to Interrogatory No. 8, but the parties agreed that Apple would supplement this interrogatory by March 13, 2026. (*See* January 22, 2026 Hr'g Tr. at 10-11.)

[8] Plaintiffs requested a January 12, 2026 cut-off in their initial draft of this letter brief, and only changed their request—demanding even more data—after receiving Apple's portion of the letter brief.

[9] Plaintiffs argue that this data is relevant to their class claims, but there is no certified class, and Judge Chhabria has not granted leave to Plaintiffs to conduct class discovery. (*See* ECF No. 98 ("It is difficult to imagine that this case could ever result in certification of a class of all people in the U.S., so any discovery that relates only to that issue may not go forward without Court approval.").) And importantly, Plaintiffs do not explain *how* this data is relevant to the class claims.

February 17, 2026

obtain information on the AirTag owner does not make aggregate totals of law enforcement inquiries through the present relevant to any aspect of their individual case. Notably, for documents that are relevant, Apple has already produced non-privileged documents and communications with law enforcement related to the named Plaintiffs' individual experiences, and will continue to produce any to the extent they are later located. The aggregate totals for inquiries are also not relevant to Plaintiffs' request for injunctive relief. First, the number of inquiries has no bearing on whether Plaintiffs have standing to obtain injunctive relief. To have standing, Plaintiffs must show that *they themselves* face a certainly impending threat of future stalking using AirTag. *See Nelsen v. King Cnty.*, 895 F.2d 1248, 1251–54 (9th Cir. 1990). Aggregated statistics that are not tied to the named Plaintiffs do not meet that standard. *See Edwards v. City of San Diego*, 2025 WL 1425553, at *3 (S.D. Cal. May 16, 2025). Second, while Plaintiffs have not specified what injunctive relief they seek, the number of inquiries is not relevant to identifying any specific alleged defects with AirTag or showing that the requested injunctive relief would address the unspecified "defects."

Plaintiffs' proposal is not anchored to any factual development; it is anchored only to litigation milestones. Their approach would transform discovery into a rolling obligation with no predictable end, depending only on when disputes are raised and the Court's availability to resolve them. The Court has already recognized the necessity of a defined end date to allow a party to complete the task at hand. (ECF No. 158 at 1–2.) Plaintiffs' refusal to identify a date certain, while insisting on a firm compliance deadline, is unreasonable. Without a date certain, Apple cannot supplement its responses, much less by the March 13, 2026 deadline. Plaintiffs' demand for the "most current" number, untethered to any showing of need, does not satisfy Rule 26.

**Plaintiffs Provide No Justification For Seeking A Different Date Cut-Off for Apple's Discovery Responses.** Plaintiffs' insistence on a later date cut-off would create differing obligations for the parties and effectively penalize Apple for moving to compel production earlier than Plaintiffs. Indeed, Plaintiffs' failure to explain why a June 2025 cut-off is inadequate makes clear that this is nothing more than strategic gamesmanship—Plaintiffs seek a later date cut-off only because the parties briefed this issue and received an order later in time. Plaintiffs' proposal is arbitrary and should be rejected.

Discovery is not a matter of "how much can be obtained," but what is necessary and proportional. Plaintiffs' demand for an ever-later end date would unsettle the practical boundaries this Court has already endorsed and encourage precisely the kind of piecemeal, rolling expansion of discovery that Rule 26 is designed to prevent. The June 30, 2025 end date is recent, reasonable, and consistent with this Court's endorsement of June 30, 2025 as a "pretty recent" end date for document collection. (*See* July 17, 2025 Hr'g Tr. at 14-15 (recognizing there "should be an end date to document collection" for practicality and suggesting the "end of June 2025" as "it's pretty recent").) That practical and "pretty recent" end date should apply here.

**Requested Relief:** Apple seeks an order from the Court allowing Apple to use June 30, 2025 as the end date for its supplemental responses to Interrogatory Nos. 8 and 9.[10]

---

[10] Apple intends to apply an end date of June 30, 2025 for its supplemental responses to Interrogatory Nos. 8 and 9 due on March 13, unless the Court orders otherwise. Should the Court

February 17, 2026

                    **WADE KILPELA SLADE, LLP**

                    */s/ Collins Kilgore*
                    Gillian L. Wade
                    David Slade
                    Sara D. Avila
                    Collins Kilgore

                    *Attorneys for Plaintiffs Lauren Hughes et al.*


                    **MORRISON & FOERSTER LLP**

                    */s/ Julie Y. Park*
                    Tiffany Cheung
                    Julie Y. Park
                    Alexandra P. Barlow

                    *Attorneys for Defendant Apple Inc.*

---

order a different end date less than two weeks before Apple's supplemental responses are due, Apple requests a two-week extension to supplement with information up to the ordered end date.

February 17, 2026

## ECF ATTESTATION

I, COLLINS KILGORE, the ECF User whose ID and password are being used to file this **JOINT LETTER BRIEF RE APPLE'S ROG 8 AND ROG 9 DATE LIMITATIONS** in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Defendant has concurred in this filing.

Dated: February 17, 2026

COLLINS KILGORE
WADE KILPELA SLADE LLP

By:    */s/ Collins Kilgore*
        COLLINS KILGORE

Attorneys for Plaintiffs