UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAUREN HUGHES, et al.,

             Plaintiffs,

    v.

APPLE, INC.,

             Defendant.

Case No.  22-cv-07668-VC   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 262

Plaintiffs' rog 8 asks Apple to "Identify, to date, the number of times law enforcement has contacted Apple regarding unwanted tracking from an AirTag."  Their rog 9 asks Apple to "Identify, to date, the number of times any person who is not law enforcement has contacted Apple regarding unwanted tracking from an AirTag."  Apple previously limited its response to rog 9 to an end date of April 5, 2024.  The Court overruled that end date in ECF No. 239, finding it arbitrary.  Apple's deadline to amend its response to rog 9 is March 13, 2026.  ECF No. 246 at 10. The parties have agreed that Apple will amend its response to rog 8 by March 13, 2026, as well. ECF No. 262 at 4 n.7  The issue that currently divides the parties is that Apple intends to limit its upcoming amended responses to rogs 8 and 9 to June 30, 2025, whereas Plaintiffs think the amended responses should go through the present.

The Court agrees with Plaintiffs.  As the Court explained in ECF No. 239, the total number of these contacts is relevant to the merits of Plaintiffs' negligent design and product liability claims.  Apple's arbitrary end date of the middle of last year cuts off months of relevant information.

Apple points to the Court's order at ECF No. 158, which set a June 30, 2025 end date for the production of Plaintiffs' medical records.  Apple's analogy is unpersuasive.  In ECF No. 158

the Court explained:

> As for the end date, both sides agree that medical records from after the events alleged in the Third Amended Complaint are relevant; they just disagree about how long after. The Court sees no reason in principle why there should be an end date to relevance for emotional distress that in many cases is alleged to be ongoing. However, the Court is again mindful that the purpose of producing these medical records is to enable the depositions to proceed. So, we do need an end date, and it should be a date that has already happened, so Plaintiffs' counsel can go collect the records and finish that task. Accordingly, the Court **ORDERS** that the end date for the medical records is June 30, 2025. The Court is setting this end date to enable document collection and production to proceed so the depositions can happen. This end date is without prejudice to being reconsidered later if there is a reason to do so.

The purpose of the June 30, 2025 end date for medical records was to enable the depositions to proceed. Apple wanted to depose the Plaintiffs after they produced their medical records. And Apple wanted to take those depositions before it opposed the class certification motion. That's why the Court came up with a deadline to produce the medical records. As the Court explained: "The Court is setting this end date to enable document collection and production to proceed so the depositions can happen." The Court was not setting an all-purpose end date on discovery.

The information Plaintiffs seek in rogs 8 and 9 is relevant, and there is no justification for Apple denying them months of that information. At the hearing Apple stated that it would be able to include information through today in supplemental responses to be served on March 13, 2026, but that if the Court required information through a later date, Apple requested an extension of the March 13 deadline. The Court prefers to keep the March 13 deadline intact. Accordingly, the Court **ORDERS** Apple to answer rogs 8 and 9 through February 25, 2026 in its upcoming March 13, 2026 responses.

To avoid confusion, the Court is not proclaiming that February 25, 2026 is the end date for fact discovery either. Rather, the Court rejects Apple's proposed June 30, 2025 deadline. The Court then has to decide through what date Apple's March 13 responses should include information, and Apple said that February 25 was a workable date. So that's what the Court is ordering.

United States District Court
Northern District of California

2

Generally speaking, the end date for document and data collection works in one of two ways. First, the end date can be driven by case needs, such as a need to produce documents in advance of depositions or because of the fact discovery cut off. Second, the end date can be driven by relevance and proportionality, for example, when the events giving rise to the lawsuit ended at some point. Apple's proposed June 30, 2025 cut off for rogs 8 and 9 isn't either of these, and February 25, 2026 isn't either. By contrast, the Court's deadline of June 30, 2025 for the production of medical records was driven by case needs. Thus, the Court's order for Apple to produce data through February 25 in its March 13 amended responses is not a ruling that February 25 is forever the end date for these rogs, precluding Plaintiffs from coming back later and asking for a refresh. A hard cut off like that would need some basis in either case needs or relevance and proportionality, which so far has not been demonstrated.

**IT IS SO ORDERED.**

Dated: February 25, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3