UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 22-cv-07668-VC<br><br>**PRE-HEARING ORDER** |

    1. *Motion for Class Certification.* The plaintiffs are ordered to submit a proposed injunction by March 4, 2026. Their failure to meaningfully describe the injunction they seek would be reason alone to deny the motion for class certification. The parties should also be prepared to discuss at the March 5, 2026, hearing why an injunctive-relief class under Rule 23(b)(2) is necessary to pursue the plaintiffs' proposed injunction under the applicable state laws. In other words, why wouldn't it be appropriate (assuming that the named plaintiffs could prevail on the merits) to issue the same injunction absent class certification on the ground that it would be necessary to afford complete relief to the parties? *See Trump v. CASA, Inc*., 606 U.S. 831, 850-54 (2025). Additionally, the parties should be prepared to discuss whether it would have better served the interests of the plaintiffs to bring a series of individual lawsuits, perhaps with an eye towards consolidation for pretrial purposes by the Judicial Panel on Multidistrict Litigation.

    2. *Motion to Withdraw.* The motion to withdraw as attorney for Cheriena Ben, Dkt. No. 245, is granted, on the conditions that (1) papers continue to be served on counsel for forwarding purposes, unless and until Ben appears by other counsel or pro se, and (2) Plaintiffs' counsel produces Ben's documents currently in their possession or control.

3. *Sealing Motions.* Apple's requests to fully seal certain exhibits and to partially redact other filings are grossly overbroad. *See* Dkt. Nos. 247-3, 247-4, 252-3, 252-4, 252-5, 252-6, 252-7, 252-8, 252-9, 252-10, 256-3, 264-3, 268-3. To give only a few examples, there is no conceivable justification to seal or to redact the following: (1) the body of an email describing an employee's plan in response to a *Washington Post* article about AirTags' being used for stalking, Dkt. No. 252-5; (2) a chart aggregating reports of AirTag-related stalking, Dkt. Nos. 247-3 & 252-6; (3) portions of a brief describing evidence of Apple's awareness that its AirTags might have been related to reported stalking incidents, Dkt. No. 268-3; and (4) a presentation showing what AirTag features certain Apple employees might have considered to mitigate stalking risks, Dkt. No. 252-8. Apple's requests to seal are accordingly denied. If Apple wishes to seek more limited redactions, it must file new motions to seal, along with new proposed redactions, within 7 days of this order. The renewed motions must explain why the material that Apple proposes to redact should be concealed from the public.

Apple and its lawyers are further ordered to show cause why they should not be sanctioned for making such overbroad sealing requests in the first place. *See* Judge Chhabria's Civil Standing Order ¶ 29. A written response is due prior to the March 5, 2026, hearing. This response should include a statement about which lawyers bear responsibility for allowing such an overbroad sealing request to be made.

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____
VINCE CHHABRIA
United States District Judge