ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MELODY E. WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
ALEXANDRA P. BARLOW (CA SBN 299715)
ABarlow@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: 858.720.5100
Facsimile: 858.720.5125

VICTOR LOPEZ (*admitted pro hac vice*)
VLopez@mofo.com
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

Attorneys for Defendant
APPLE INC.

WADE KILPELA SLADE LLP
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN HUGHES *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 3, 2026<br>Time: 10:00 a.m.<br>Place: Zoom Videoconference<br>Judge: Hon. Vince Chhabria<br><br>Complaint Filed: December 5, 2022 |

Pursuant to the Court's March 9, 2026 Order Denying Motion for Class Certification (ECF No. 287), Plaintiffs and Defendant Apple Inc. (collectively, the "Parties") submit this Case Management Statement in advance of the April 3, 2026 case management conference.

Given the current posture of the case, and to reduce cost and preserve judicial resources, the Parties have agreed to mediate in a good faith effort to resolve this matter. The Parties have agreed on a mediator, Hon. Lisa Hart Cole, and are targeting a June or July 2026 mediation date.

In light of this, the Parties respectfully request that this matter be stayed for four months from the date of the April 3, 2026 case management conference (until August 3, 2026), and that the case management conference be continued until after that date. If the matter is not resolved, the Parties will be prepared to present an update on their mediation efforts and/or an updated case management proposal to the Court at that time.

In the event that the Court does not agree to stay this matter and/or continue the case management conference, the Parties state their respective positions regarding case management below. The Parties reserve their rights to amend any of these positions in the event that the Court does agree to stay this matter or continue the case management conference.

## 1.    Severance of Plaintiffs' Cases

**Joint Statement:** The Parties agree to stipulate to severance under Federal Rule of Civil Procedure 21 and agree that Plaintiffs' separately filed individual cases be related under Civil Local Rule 3-12 before this Court. The Parties propose that the Clerk assign a new case number for each individual action and that the Court set a deadline of 45 days from the date of the Court's severance order for Plaintiffs to file their individual complaints.

**Plaintiffs' Position**: Plaintiffs further request that the severance order:

1.    Assign the severed cases to this Court;

2.    Maintain the current case number as the primary docket for the coordinated cases;

3.    Direct the Clerk to file the severance order in each of the severed cases;

4.      Order Plaintiffs to file a master complaint on the primary docket containing all common allegations and, on each individual docket, an individual short-form complaint for each Plaintiff;

5.      Waive the filing fees for the individual cases;

**Apple's Position:** Apple opposes Plaintiffs' proposal to proceed with a "master complaint" and "an individual short-form complaint." That procedure is not warranted here, where the Court has denied class certification including as to issues classes and recognized misjoinder, and the cases will proceed as severed, individual actions. Plaintiffs cite no authority applying a master complaint structure in these circumstances, outside of MDL or similarly coordinated proceedings.

Plaintiffs' proposal would effectively recreate the very misjoinder the Court has already recognized by embedding all claims in a single "master" pleading and incorporating them by reference into individual cases. That approach is in tension with the purpose of severance under Rule 21, which is to create separate, independent lawsuits—not a coordinated proceeding governed by a single operative pleading. Once severed, each Plaintiff's case should stand on its own, with a complete complaint that pleads all elements of that Plaintiff's claims. Courts routinely require precisely that. *See Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, No. 16-CV-02879-LHK, 2016 WL 4270264, at *6 (N.D. Cal. Aug. 15, 2016) (concluding that upon severance, "the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants" (internal quotation omitted)); *Patrick Collins, Inc. v. Jone Does 1 through 9*, No. 3:12–CV–01436–H-MDD, 2012 WL 7062535, *4 (S.D. Cal. Nov. 8, 2012) ("The Court dismisses the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints.").

Plaintiffs' proposed structure would also create substantial practical problems. A master complaint risks obscuring critical plaintiff-specific issues—including standing, injury, causation, reliance, and damages—that must be assessed on an individual basis. It would complicate Rule 12 motion practice by blurring which allegations apply to which Plaintiff and could mask pleading

deficiencies that should be evaluated separately in each case. This Court has already expressed concern about similar issues, noting that Plaintiffs' prior pleading combined generalized allegations with individual narratives in a way that created inconsistencies. (ECF No. 73 at 5, n.1 ("The plaintiffs' general allegations, combined with the stories of individual plaintiffs, also raise some inconsistencies. This might be a result of imprecise pleading.").)

These concerns are reinforced by the Court's denial of class certification, which confirms that these cases turn on individualized facts and cannot be resolved through common proof. Plaintiffs should not be permitted to reintroduce a quasi-coordinated structure through a master complaint that would again blur those individualized issues. Requiring individual, stand-alone complaints avoids these problems and promotes clarity, efficiency, and orderly case management. It ensures that each Plaintiff's claims rise or fall on their own allegations and preserves the ability to address case-specific issues—including transfer, dispositive motions, and trial—on an individual basis without the complications introduced by a master pleading.

Apple takes no position on Plaintiffs' request to waive the filing fees for their individual complaints and defers to the Court's discretion on these issues.

### 2.    Law and Motions

**Joint Statement:** The Parties agree that venue is a procedural question for the Court to address and that, in the interest of efficiency and conserving judicial resources, they will consolidate their respective briefing on transfer into omnibus briefs, with additional individualized arguments for each Plaintiff. The Parties propose that Apple will have 30 days from Plaintiffs' deadline to file their individual complaints to file any consolidated motion to transfer under 28 U.S.C. § 1404. Plaintiffs will have 30 days to file a consolidated response in opposition, and Apple will have 21 days to file a consolidated reply. The omnibus briefs will be filed on the original docket, Case No. 3:22-cv-07668-VC. Given the potential need to brief individualized arguments for up to 37 Plaintiffs, the Parties propose 30 pages for Apple's brief in support of its motion to transfer and Plaintiffs' brief in opposition to Apple's motion, and 20 pages for Apple's reply in support of its motion to transfer.

**Plaintiffs' Position:** Plaintiffs believe it will be most efficient for this Court to decide together any Rule 12 motions along with Apple's anticipated motions to transfer individual cases out of this District under Rule 1404(a).  The Court has already issued rulings on Apple's prior Rule 12 motions, including Apple's previous challenges to Plaintiffs' claims under choice-of-law principles.  Ensuring that similar (or identical) issues are decided before this Court will aid in judicial and party economy as well as avoid the risk of inconsistent rulings.  Sequencing the question of transfer ahead of other Rule 12 challenges would result in unnecessary delay and, to the extent the Court granted any transfer motions, result in the multiplication of proceedings involving common legal and factual issues as well as the risk that different district courts will reach different results on the same or similar questions.

Plaintiffs propose that Apple be given 30 days from the filing date of the individual complaints to file a consolidated brief raising Rule 12 motions, including any attack on jurisdiction or venue, as well as any motion to transfer under Rule 1404(a).  Plaintiffs will have 30 days to file a consolidated response in opposition, and Apple will have 14 days to file a consolidated reply brief. The consolidated motion and responsive briefs will be filed on the primary docket.

Plaintiffs propose the following page limits for the consolidated briefing: Apple will consolidate all common issues in a single brief of 20 pages, with one additional page for any individualized legal argument as to each Plaintiff.  Plaintiffs will have identical page limits for their response in opposition.  On reply, Apple will have 10 pages for common issues and a half page to respond to any Opposition argument individual to a particular Plaintiff.

**Apple's Position:** Plaintiffs' proposal would have the Court decide merits issues in cases that may not proceed here. The proper and most efficient course is to resolve venue first to ensure that dispositive issues are decided by the courts that will ultimately preside over each case. Courts "regularly defer [Rule 12 motions] for the transferee court to decide." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-CV-06886-LB, 2023 WL 4053801, at *3 (N.D. Cal. June 16, 2023); *see also F. Tech., Inc. v. Pfizer Inc.*, No. C 10-5597 SBA, 2011 WL 2462300, at

*1 (N.D. Cal. June 20, 2011) (granting an unopposed motion to transfer venue under § 1404(a) and declining to reach a motion to dismiss under Rule 12(b)(6)). As noted by the *Hamer* court, "[t]he point of a § 1404(a) motion to transfer, after all, is to assess 'where [the] merits may be determined most conveniently.'" *Hamer*, 2023 WL 4053801, at *3 (internal citations omitted). Apple therefore proposes deferring any Rule 12 motion practice until after the Court rules on Apple's motion to transfer.

To the extent there were any "common" pleading issues, those were already addressed through Rule 12 motion practice when this case proceeded as a putative class action. Following the Court's denial of class certification and anticipated severance, what remains are individualized claims turning on plaintiff-specific allegations. Even for the California Plaintiffs, any Rule 12 issues will depend on whether each Plaintiff has adequately stated a claim based on their own alleged facts and circumstances. Any further Rule 12 issues will therefore be specific to each Plaintiff and not amenable to joint resolution. It is premature to proceed with Rule 12 motion practice now, when it remains undetermined which courts will ultimately preside over each case. Resolving Apple's motion to transfer first will ensure that, consistent with the cases cited above, Rule 12 motions are decided by the courts where the merits of the cases should be determined, rather than requiring this Court to resolve individualized issues in cases that may not remain here.

Apple therefore proposes that the Court resolve transfer first and defer any Rule 12 motion practice until after the proper forum for each case is determined. The Parties can then submit a proposed briefing schedule for Rule 12 motions within 10 days of the Court's transfer ruling.

    **3.**     **Discovery Coordination:**

**Plaintiffs' Position:** Plaintiffs propose (1) coordination of common discovery; and (2) that common discovery be permitted to continue—but individual discovery be stayed—during the resolution of Rule 12 motions practice.

(1) Discovery should be coordinated such that all Plaintiffs may benefit from common discovery. All of Plaintiffs' discovery requests to date have sought information from Apple that is directly relevant to each and every Plaintiff's individual claims. To the extent the cases are

severed, Plaintiffs anticipate that the vast majority of future discovery they would each seek from Apple will be information relevant to each one of their individual actions.  Moreover, Apple has not fulfilled its obligations to respond to Plaintiffs' existing discovery requests—it has produced fewer than 30,000 documents total, and several disputes are still open and in the meet and confer process. Going forward, such discovery will continue to require central coordination for the purpose of reducing litigation costs, including the likelihood of duplicative discovery and motion practice should each Plaintiff be required to pursue discovery independently of one another.

(2) Plaintiffs propose that common discovery may continue throughout the resolution of any Rule 12 law and motions practice because at minimum there will be numerous individual Plaintiffs who have already survived Apple's motions to dismiss their individual claims, and all Plaintiffs will benefit from the common discovery.  Apple will have no basis to raise a Rule 12 challenge to the claims of Plaintiffs that are asserting only the same California causes of action that have already survived motion to dismiss.  Even if other Plaintiffs must proceed under the negligence laws of other states—whether or not they are transferred or if their claims survive or are dismissed—there is no reason to delay common discovery to the core group of Plaintiffs who were tracked with an AirTag in California.  Each other Plaintiff whose claims survive any Rule 12 challenge will also benefit from any common discovery that is exchanged during the approximately three months (or more) it will take to resolve additional pleadings issues.  By contrast, there is no such benefit to pursuing individualized discovery for Plaintiffs whose claims are still open to motions to dismiss, particularly given how far along such discovery has proceeded ahead of class certification.  Indeed, Plaintiffs have already produced nearly 3,500 documents comprising over 21,000 pages, they will have answered approximately 15-25 interrogatories each as of the date of the CMC, and Apple has already deposed all but two of the Plaintiffs.  Thus, Plaintiffs propose that individualized discovery be stayed until the individual pleadings are settled, and be lifted on a case-by-case basis following resolution of any attack on the pleadings or venue that Apple intends to raise.

**Apple's Position:** Apple proposes that all fact discovery should be stayed until the Court

resolves Apple's motion to transfer and any Rule 12 motions. Proceeding with discovery before those threshold issues are decided would be premature, as neither the proper forum nor the scope of the operative claims has been determined. Deferring discovery ensures that any discovery that does proceed is targeted, proportionate, and tailored to the claims and Plaintiffs that actually remain in controversy.

Plaintiffs' proposal rests on the premise that there is a meaningful category of "common discovery" that can proceed now across all cases. But following the Court's denial of class certification and anticipated severance, these cases will proceed as individual actions involving different Plaintiffs and different factual circumstances. While certain requests may overlap, what discovery is relevant and proportional will depend on the specific Plaintiff and their remaining claims. That analysis cannot be performed in the abstract at this stage. Magistrate Judge Hixson recently recognized the need to resolve threshold case management issues before proceeding apace with discovery. In denying Plaintiffs' request to brief a discovery dispute, he explained that the Court must first understand how the case will "shake out" before it can apply Rule 26 proportionality. *See* March 17, 2026 Hr'g Tr. at 7:15-20 ("I need to know how this case is going to shake out. I need to now if I have a handful of plaintiffs in front of me or if I have dozens of plaintiffs in front of me, and I don't know that right now, and so it's difficult to apply the proportionality analysis under Rule 26.").

Plaintiffs' proposal is also one-sided. Plaintiffs seek to continue discovery from Apple under the label of "common discovery," while simultaneously proposing to stay "individual" discovery, effectively delaying their own discovery obligations while continuing to impose burdens on Apple. That asymmetry is unwarranted and prejudicial, particularly when the contours of this case are still in flux.

Nor is there any urgency that justifies moving forward now. Plaintiffs point to past discovery efforts, conducted before denial of class certification. But that does not support continuing discovery in a procedurally uncertain posture. To the contrary, it underscores that the Parties should pause, resolve the threshold venue and Rule 12 issues, and then proceed in an

orderly and efficient manner based on the claims that remain.

Apple therefore proposes that the Court stay all fact discovery pending resolution of Apple's forthcoming transfer motion. For any claims that proceed in this District, Apple further proposes that within 21 days of the Court's order(s) on Apple's motion to transfer and any Rule 12 motions, the Parties jointly submit a proposed discovery plan that addresses, at a minimum: (i) a schedule for remaining fact and expert discovery; (ii) a deposition and discovery protocol to manage discovery among the remaining individual cases; and (iii) a briefing schedule for summary judgment (including Daubert motions pursuant to this Court's Civil Standing Order).

### 4.    Trial-Setting

**Plaintiffs' Position:** Plaintiffs propose that at the CMC the Court should set a trial date for the initial bellwether trial, with a further trial-scheduling CMC to take place two weeks after the Court rules on Apple's motion seeking to dismiss or transfer Plaintiffs' individual cases.  At the further trial-scheduling CMC, the Parties will be prepared to discuss a manageable trial structure, including the process for selecting, conducting, and scheduling additional bellwether trials.

**Apple's Position:** Setting a "bellwether" trial date at this juncture is premature and would apply a case-management tool that does not fit the structure or needs of these cases. From a timing perspective, Plaintiffs' proposal assumes an MDL-like structure and advances to trial planning before the threshold contours of the case have even been defined. Apple's forthcoming transfer motion raises threshold issues that may significantly affect the scope of the proceedings, the proper forum for individual cases, and whether these actions will proceed together at all. It is therefore inappropriate to structure the case now around a bellwether process that presumes coordinated proceedings may continue here, without knowing where all of the cases will ultimately be litigated.

More fundamentally, a bellwether approach is not the proper tool for driving resolution of these cases. Bellwether trials are most effective in large MDL proceedings involving numerous cases and a meaningful set of common issues, where representative trials can inform resolution across a broader pool. In those circumstances, courts can group cases into categories and select

representative plaintiffs in a way that allows results to be extrapolated. Here, by contrast, the relatively small number of cases—at most a few dozen—and the absence of a principled way to group them into representative categories limit the utility of any bellwether process. In practical terms, a bellwether trial would function as an individual trial, with little ability to generate broader efficiencies.

More importantly, as the denial of class certification demonstrates, there is no common, case-dispositive issue that can be resolved once and applied across Plaintiffs. Unlike traditional mass torts, these cases do not present a general causation question or a uniform course of conduct that can be tested through representative trials. Instead, liability (which is denied) will turn on highly individualized circumstances, including how each Plaintiff encountered AirTag, the actions of third-party stalkers, what the specific alleged defect is for each Plaintiff, how that alleged defect manifested for that particular Plaintiff, and how each Plaintiff responded. Importantly, third-party actors are substantial wrongdoers in each case, introducing case-specific factual and causation questions that are not amenable to resolution through a bellwether process.

The same is true for damages. Plaintiffs' alleged injuries vary widely in both nature and extent, with some Plaintiffs alleging significant harm and others not seeking medical treatment at all. Those individualized damages issues further limit the ability of any bellwether trial to provide meaningful guidance across cases, as outcomes will turn on Plaintiff-specific circumstances rather than any common measure of harm. As a result, the outcome of any single trial, or even a handful of trials, is unlikely to meaningfully inform the resolution of other cases.

Proceeding to set any trial date now would therefore be speculative and may require substantial revision once threshold issues are resolved. A more orderly and efficient approach is to first address severance, transfer, and any dispositive motions, and then allow the Parties to develop a discovery plan tailored to the resulting case structure. Apple accordingly proposes that the Court defer setting any trial date unless and until the procedural posture of the cases is settled and a concrete framework for any discovery proportionate to the any proceeding individual claims is in place.

**5.      Filing of Additional Actions**

**Plaintiffs' Position:** Should additional related cases be filed in this District by Counsel other than Plaintiffs' counsel of record in this action, upon relation of those cases to this action under Local Rule 3-12, the Court may schedule an additional CMC to facilitate coordination with new Plaintiffs and their counsel of record.

**Apple's Position:** Apple reserves all rights to assess appropriate next steps if and when any additional actions are filed.

Dated: March 27, 2026                    JULIE Y. PARK
                                         MORRISON & FOERSTER LLP


                                         By: /s/ Julie Y. Park
                                             JULIE Y. PARK

                                             Attorneys for Defendant
                                             APPLE INC.

Dated: March 27, 2026                    GILLIAN L. WADE
                                         WADE KILPELA SLADE, LLP


                                         By: /s/ Gillian L. Wade
                                             GILLIAN L. WADE


                                             Attorneys for Plaintiffs

**ECF ATTESTATION**

I, JULIE Y. PARK, the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**, in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Plaintiffs has concurred in this filing.

Dated: March 27, 2026

JULIE Y. PARK
MORRISON & FOERSTER LLP

By: */s/ Julie Y. Park*
    JULIE Y. PARK

Attorneys for Defendant
APPLE INC.