**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave.
Suite 100E
Santa Monica, CA 90404
T: 310-667-7273

**WADE KILPELA SLADE LLP**
Edwin J. Kilpela, Jr. (*pro hac vice* application
forthcoming)
ek@waykayslay.com
Paige Noah (*pro hac vice* application
forthcoming)
pnoah@waykayslay.com
6425 Living Pl. Suite 200
Pittsburgh, PA 15206

*Attorneys for Plaintiff Áine O'Neill*

**WADE KILPELA SLADE LLP**
David Slade (*pro hac vice* application
forthcoming)
slade@waykayslay.com
Brandon Haubert (*pro hac vice* application
forthcoming)
brandon@waykayslay.com
Lucy Holifield (*pro hac vice* application
forthcoming)
lholifield@waykayslay.com
1 Riverfront Place
Suite 745
North Little Rock, AR 72114

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE, INC., a California corporation,<br><br>        Defendant. | Case No.: 3:22-cv-07668-VC<br><br>**DECLARATION OF SARA D. AVILA IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Honorable Vince Chhabria<br>Dept.: Courtroom 4—17th Floor |

**DECLARATION OF SARA D. AVILA ISO DEFENDANT'S ADMINISTRATIVE**
**MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD**
**BE SEALED**

**DECLARATION**

I, Sara D. Avila, declare as follows:

1.      I am a partner at the law firm Wade Kilpela Slade LLP and counsel to the Plaintiff in this action.  I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to said information if called upon to do so. Pursuant to Civil Local Rules 7-11 and 79-5, I submit this Declaration in support of Defendant Apple Inc.'s Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed (ECF 315).

2.      Plaintiff wishes to keep confidential and sealed all of the information identified in the Declaration of David R. Singh (ECF 315-1) (the "Singh Declaration") In Support of Defendant Apple Inc.'s Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed  (ECF 315).

3.      The information sought to be sealed here consists of quotations to and summaries of Plaintiff's deposition testimony, which is designated Confidential or Attorneys' Eyes Only under the Protective Order in this matter (ECF 124). The table below provides a brief description of the portions of Apple's Motion to Transfer and the supporting Singh Declaration that Plaintiff wishes to seal and keep confidential:

| Document Name | Designating Party | Portions Plaintiff Seeks to Seal | Description of Confidential Content |
|---|---|---|---|
| Motion to Transfer | Plaintiff | Highlighted Sections on page 3 | Name of city in which Plaintiff currently resides (page 3) |
| Exhibit A | Plaintiff | Highlighted Sections as itemized in the adjacent column | Plaintiff's current address (transcript page 18)<br><br>Plaintiff's father's current address (transcript page 19) |

4.      The information contained in Apple's motion  to transfer and the supporting Singh Declaration consist of or directly discuss information about Plaintiff's specific locations, which

**DECLARATION OF SARA D. AVILA ISO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

could jeopardize Plaintiff's physical safety if disclosed publicly. This information was designated Confidential or Attorneys' Eyes Only under the Protective Order in this matter (ECF 124).

5.      Where the amount of information sought to be sealed is minimal and "has little or no relevance to any material issue" in the case, the privacy interests in the personal information outweigh the public's right to access. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, at *10 (N.D. Cal. Oct. 31, 2007). Moreover, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files [might become] a vehicle for improper purposes," such as harassment. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292, 2017 U.S. Dist. LEXIS 206806, at *2 (N.D. Cal. Dec. 15, 2017) (internal quotes omitted). Harassment is certainly a risk where an individual's personal information is broadly released in a public filing, particularly where the Plaintiff is a stalking victim.

6.      Good cause exists to keep confidential personal information of this type to protect Plaintiff's privacy interests, Plaintiff's safety, and the privacy and safety of non-parties.

7.      Public disclosure of the information contained in the above-referenced documents would cause significant harm to Plaintiff's privacy interests. The information could be used to track Plaintiff's location and expose Plaintiff, which could seriously jeapordize Plaintiff's safety.

8.      A less restrictive alternative to sealing is not sufficient. Plaintiff's counsel has carefully reviewed the materials at issue and has narrowly tailored its sealing request to include only sealable material, as required by Civil Local Rule 79-5(a). Indeed, Plaintiff has selected only portions of the documents that contain personal, confidential, private, and/or sensitive personal information and PII.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 5th day of June 2026 in Los Angeles, California.

_____
                Sara D. Avila

---

**DECLARATION OF SARA D. AVILA ISO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**