fTIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MELODY E. WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
ALEXANDRA PREECE BARLOW (CA SBN 299715)
ABarlow@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: 858.720.5100
Facsimile: 858.720.5125

VICTOR LOPEZ (*admitted pro hac vice*)
VLopez@mofo.com
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-cv-07668-VC<br><br>**DEFENDANT APPLE INC.'S LOCAL RULE 7-3(d)(1) OBJECTION TO REPLY EVIDENCE**<br><br>Judge: Honorable Vince Chhabria<br><br>Third Am. Compl. Filed:  November 25, 2024 |

## I.    INTRODUCTION

A reply brief is not the time to introduce new evidence or theories. Yet Plaintiffs' Reply in Support of Class Certification ("Reply") does both: it contains 18 new exhibits submitted with the Declaration of David Slade in Support of Plaintiffs' Reply ("Slade Decl.", ECF No. 250–1), and more fundamentally, advances new theories and arguments of certification that were never presented in Plaintiffs' opening brief. Citing new evidence, Plaintiffs now recast their theory of liability, introduce a new choice-of-law rationale, and substitute a different evidentiary basis for numerosity—none of which appeared in their opening motion for class certification. This new evidence includes documents Apple produced regarding the performance and design of AirTag and unwanted tracking safety features (Exs. 6–15, ECF Nos. 250-7–16) and documents Plaintiffs produced regarding Apple's responses to subpoena requests from law enforcement concerning AirTag, none of which are responsive to evidence Apple submitted in its opposition. Exs. 16–17, ECF Nos. 250-17–18.[1] Moreover, it includes publicly available information (*see* Exs. 7–8) and documents that Plaintiffs themselves produced in this case (*see* Exs. 16–17)—in other words, evidence Plaintiffs could have, but did not, cite in their opening brief. Because Plaintiffs' eleventh-hour evidence deprived Apple of a fair opportunity to respond, the Court should disregard that evidence and the arguments that rely upon it.

Pursuant to Local Rule 7-3(d)(1), Apple objects to this new reply evidence and respectfully requests that the Court strike Exhibits 6–17 and the related discussion of these exhibits at pages 1, 6, 7, 9, 15 n.13, and 18 ("Challenged Materials"). Alternatively, Apple respectfully requests leave to file a sur-reply to address Plaintiffs' new evidence.

## II.    ARGUMENT

### A.    Plaintiffs Cannot Introduce New Evidence For the First Time on Reply

It is a "well accepted" principle that the "raising of new issues and submission of new facts

---

[1] Apple reserves the right to challenge, at the appropriate time, Exhibit 18, containing Plaintiffs' proposed jury verdict form, belatedly filed after Apple noted Plaintiffs' failure to comply with this Court's Civil Standing Order. *See* Civil Standing Order ¶ 55; ECF No. 232 at 8.

in [a] reply brief is improper." *Pajas v. Cnty. of Monterey*, 2017 WL 1408016, at \*7 (N.D. Cal. Apr. 20, 2017) (citation omitted); *see also Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that the [reply] brief presents new information, it is improper."); *Aniel v. GMAC Mortg., LLC*, 2012 WL 5389706, at \*3 (N.D. Cal. Nov. 2, 2012) ("[N]ew evidence presented for the first time in a reply brief is improper and need not be considered.").

This District's Local Rules reflect this well-settled rule. Specifically, Local Rule 7-3(d)(1) states that "[i]f new evidence is submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence." The Ninth Circuit has explained that Local Rule 7-3(d) "recognize[s] the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018). Courts in this District routinely invoke Local Rule 7-3(d)(1) to strike evidence improperly introduced for the first time in reply. *See, e.g.*, *Orshan v. Apple Inc.*, 2023 WL 3568079, at \*5 (N.D. Cal. Mar. 31, 2023) (striking reply declaration supporting class certification because it "addresses other topics" and "seeks to defend" plaintiffs' expert and rejecting plaintiffs' claim that it was "only a response" to Apple's opposition); *Willis v. Koning & Assocs.*, 2023 WL 2541327, at \*2 (N.D. Cal. Mar. 15, 2023) (sustaining objection to new declaration introduced with plaintiff's reply in support of class certification); *Galvan v. First Student Mgmt., LLC*, 2022 WL 20016825, at \*4 & n.1 (N.D. Cal. Aug. 23, 2022) (sustaining objection to supplemental declaration containing "amended" reasoning "[b]ased on Defendants' opposition and objections" because it was submitted for the first time in plaintiff's reply in support of class certification); *Rojas v. Bosch Solar Energy Corp.*, 2022 WL 717567, at \*4 (N.D. Cal. Mar. 9, 2022) (declining to consider new evidence submitted with plaintiff's reply when ruling on class certification).

## B.    Plaintiffs' Reply Evidence Is Improper

This Court should strike the Challenged Materials because they introduce new evidence to advance theories not raised in Plaintiffs' opening brief or addressed in Apple's opposition.

**New "Deterrence" Framing.** For the first time in their Reply, Plaintiffs reference

cherrypicked internal Apple documents to recast their theory of commonality—now they claim that Apple's design of AirTag and safety features only intended to "deter," rather than "prevent," unwanted tracking. ECF No. 250 at 1, 7, 9, & 18 (citing Exs. 9–11, 13). Plaintiffs deploy this new framing to sidestep deficiencies Apple identified in its opposition that preclude certification, namely the number of alleged defects, individualized causation issues, and lack of common proof, all of which undermine commonality and bear on plaintiffs' or the class representatives' standing. *Id.* Plaintiffs did not advance a "deterrence" commonality theory anywhere in their opening brief. Thus, Apple has not had an opportunity to address it. This is precisely the type of "amended reasoning" courts reject when raised for the first time on reply. *See Galvan*, 2022 WL 20016825, at *4 & n.1. Plaintiffs' belated reliance on new documents to support this new framing is improper and should be stricken.

**New Subpoena-Based Choice of Law Theory.** Plaintiffs similarly introduce new evidence and a new rationale to bolster their choice of law arguments. For the first time, Plaintiffs argue that California is the locus of AirTag-related activity because Apple purportedly centralizes unauthorized-tracking subpoenas, document custodianship, and law-enforcement compliance functions in California. ECF No. 250 at 6 (citing Exs. 7, 12, 15–17). But again, Plaintiffs did not rely on this theory, or this evidence, in their opening brief. Having failed to do so, they cannot do so now on reply. *See Willis*, 2023 WL 2541327, at *2.

**New Numerosity Evidence.** Plaintiffs rely on the number of law enforcement inquiries as a new basis for establishing numerosity. ECF No. 250 at 6–7 (citing Exs. 11, 14). Apple's opposition explained that Plaintiffs' opening numerosity evidence—a news article and app download figures—was speculative and insufficient. *See* ECF No. 232 at 8–9. Plaintiffs do not defend that evidence in reply. Instead, Plaintiffs substitute *new* evidence to support a *new* theory for numerosity. That substitution of new evidence and a new theory at the reply stage is improper and should be rejected. *See Orshan*, 2023 WL 3568079, at *5.

**AirTag Pairing Data.** Finally, in a single footnote, Plaintiffs cite new evidence regarding Apple's policies concerning retention of AirTag pairing data. ECF No. 250 at 15 n.13 (citing Ex.

7). Plaintiffs' opening brief did not discuss this data, and Apple's opposition did not place Apple's internal data-retention practices at issue. Moreover, the cited evidence is publicly available, "thus belying any argument that the evidence could not have been timely submitted." *Musk v. OpenAI, Inc.*, 769 F. Supp. 3d 1017, 1026 n.4 (N.D. Cal. 2025) (disregarding declaration submitted on reply where facts in declaration were "common knowledge" to moving party). Plaintiffs' introduction of this topic for the first time in a footnote on reply raises new factual issues that should be stricken. *See Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (striking discussion of new facts in footnote in reply brief because it "constitute[d] new evidence raised for the first time in reply").

### C.    Plaintiffs Cannot Rely on the Timing of Discovery to Justify Their Belated Evidence

Although the Challenged Materials were produced after Plaintiffs filed their motion for class certification (ECF No. 138), that timing is entirely of Plaintiffs' own making. As Apple explained in its administrative motion seeking an extension of the class certification schedule, Apple offered to discuss extending the class certification schedule with Plaintiffs on April 21, 2025—months before Plaintiffs' opening brief was due. *See* ECF No. 140 at 2; ECF No. 140-1 ¶¶ 5–6. And, as Plaintiffs acknowledged in their *opposition* to that motion, Apple informed Plaintiffs that it "thought [Plaintiffs] would need an extension of [their] class certification deadline." ECF No. 142 at 3.

Plaintiffs chose to reject Apple's offer, representing to this Court that they were *not* "disadvantage[d]" by proceeding without discovery and were "ready and able to meet the procedural moment of class certification" without any scheduling change. *Id.* at 1–2. If Plaintiffs wanted to include discovery in their motion, they had ample opportunity to seek an extension to do so. Plaintiffs elected not to. Having made that choice, Plaintiffs cannot now complain about the timing of discovery to justify their new evidence on reply.

### D.    If the Court Permits Plaintiffs' Newly Submitted Reply Evidence, Apple Should Have an Opportunity to Respond

For the above reasons, this Court should strike Plaintiffs' Reply declaration, exhibits, and

related arguments. But if the Court were to permit Plaintiffs' new evidence to remain in the record, equity requires that Apple be afforded "an opportunity to respond." *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Accordingly, if the Court allows Plaintiffs' reply evidence, Apple respectfully requests leave to file a sur-reply (accompanied by declarations and exhibits, if necessary), to address Plaintiffs' improper reply evidence. *See Dutta*, 895 F.3d at 1171–72 (recognizing "leave to file a sur-reply" as an alternative remedy under Local Rule 7-3(d)(1)).

## III.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike or disregard the new evidence and arguments Plaintiffs offer in their Reply and Declaration in support, or alternatively grant Apple leave to file a sur-reply, which shall not exceed fifteen (15) pages, to be filed within fourteen (14) days of the Court's order.

Dated:  February 13, 2026

TIFFANY CHEUNG
JULIE Y. PARK
ALEXANDRA PREECE BARLOW
VICTOR LOPEZ
MELODY E. WONG
MORRISON & FOERSTER LLP


By:   */s/ Julie Y. Park*
　　　JULIE Y. PARK

Attorneys for Defendant
APPLE INC.